GEORGE W. STAPLES ET AL. V. LLANO COUNTY.

No. 1075.

1. **General Demurrer.**—When a petition contains several counts, and one or more of them is well pleaded, a general demurrer to the petition should be overruled. A defect in other counts can not thus be reached.

2. **Commissions of County Treasurer.**—Article 2403, Revised Statutes, prescribes a maximum of 2½ per cent commissions to county treasurers, and does not forbid a reduction by the county commissioners. This authority is not in conflict with section 44, article 16, of the Constitution, prescribing that certain officers (including county treasurers) "shall have such compensation as may be prescribed by law." The Legislature could confer such power upon the county commissioners.

3. **Fact Case.**—It appeared that the County Court reduced the rate of commissions to be retained by the county treasurer. Two months after the date of this order the county judge paid over money of the named fund to the treasurer. It being the

duty of the county judge to immediately pay over funds by him collected to the county treasurer, it will be presumed that the county judge did his duty, and the reduced rate for commissions will apply to the funds so paid over.

APPEAL from Llano.   Tried below before Hon. WILLIAM M. AL-LISON.

*Miller & Dalrymple*, for appellants.—1.   It is the duty of the Legislature to fix the compensation of county treasurers, and it can not delegate its authority to any other body to fix or change the same. Const., art. 16, sec. 44; Swisher v. The State, 17 Texas, 441; Willis v. Owens, 43 Texas, 41–59; Johnson v. Winter, 75 Texas, 35; Werner v. Galveston, 72 Texas, 22; Cool. Const. Lim., p. 139.

Cases similar to this have been before our Supreme Court, but we find none where the authority of the Commissioners Court to change the commissions of treasurers has been questioned, or the court called upon to decide the point.   In the case of Wall v. McConnell, 65 Texas, 399, Chief Justice Stayton says:   "The authority of the court to fix the compensation is not questioned," citing Revised Statutes, article 2403.   The question was not raised in that case, and we understand the court to have left it open.

The Constitution, article 16, section 44, provides, that county treasurers shall receive such compensation as may be provided by law. The Legislature is the only body known to the Constitution having power to enact laws, and that it can not delegate the power is well established by the authorities cited; and having fixed the compensation of treasurers, the Commissioners Courts can not change it.   If we are correct in this proposition, the judgment of the court was erroneous.

2.   The order of the Commissioners Court fixing the commissions of treasurers, if valid, acted prospectively, and could not affect money already collected and in the hands of the county judge, and the treasurer was entitled to commissions of 2½ per cent for receiving same. Wall v. McConnell, 65 Texas, 401; Wall v. McConnell, 67 Texas, 353.

*Slater, McLean & Spears* and *W. C. Linden*, for appellee.—1.   If a petition sets up two causes of action, one of which is good and the other bad, a general demurrer thereto should be overruled.   Railway v. Taylor, 79 Texas, 104; Bliss on Code Pl., sec. 417; 5 Am. and Eng. Encyc. of Law, 516; Lancaster Co. v. Trimble (Neb.), 52 N. W. Rep., 711; Pinkham v. City of Eau Claire (Wis.), 51 N. W. Rep., 550; Grenshaw v. Woodfall, 15 N. Y., 857; Lumpkin Co. v. Williams (Ga.), 15 S. E. Rep., 487.

2.   The action of the Commissioners Court in fixing the commissions of the county treasurer at one-half of 1 per cent for receiving and one half of 1 per cent for paying out the money received from insurance companies, was authorized by the Constitution and laws of this State.

The Constitution provides, that the Commissioners Court shall exercise such powers and jurisdiction over all county business as is conferred by the Constitution and the laws of this State, or as may hereafter be prescribed.   Const., art 5, sec. 18.

County treasurers shall have such compensation as may be provided by law   Const., art. 16, sec. 44.

County treasurers' commissions shall be fixed by Commissioners Court, not to exceed 2½ per cent.   Sayles' Civ. Stats., art. 2403.

Article 2403, supra, does not delegate unauthorized legislative power, and is constitutional.   Werner v. City of Galveston, 72 Texas, 27; Johnson v. Martin, 75 Texas, 37; Willis v. Owen, 43 Texas, 55; Wall v. McConnell, 65 Texas, 399; Wall v McConnell, 67 Texas, 353; 15 Am. and Eng. Encyc. of Law, 1042; Cool. Const. Lim., *pp. 191, 117–119; 1 Dill. Mun. Corp., sec. 230; 3 Am. and Eng. Encyc. of Law, 698; The State v. Noyes, 30 N. H., 279, 292.

FISHER, CHIEF JUSTICE.—This is a suit by Llano County against the appellant, George C. Staples, as ex-county treasurer, and the sureties on his official bond, to recover $394.35 retained by him as commissions on county scrip paid in and canceled; also to recover $840 retained as commissions on insurance money paid into and paid out of the treasury during his term of office, which amount is alleged to be in excess of the commissions allowed him by order of the Commissioners Court.   Appellant's answers were general demurrer and general denial, and also that he was authorized to retain the amounts sued for by reason of the fact that the commissions allowed him by law were 2½ per cent for receiving and 2½ per cent for paying out moneys, and that the amount sued for does not exceed that per cent; further, that the fees of the office did not amount to $2000 a year.   The court overruled the general demurrer, and, upon submission of the case to it, rendered judgment in appellee's favor for $1054, and costs.

The court below found the following as the facts in the case, which we adopt as the conclusions of fact found by this court:

"1.   From November 12, 1890, until November 17, 1892, defendant George C. Staples was county treasurer of Llano County, and defendants John C. Oatman, Chas. L. Lauderdale, J. A. Swanson, M. M. Hargis, W. A. H. Miller, and A. P. Brown were sureties on his official bond.

"2.   Allen Kuykendall succeeded George C. Staples as such treasurer.   W. S. Maxwell was county judge of said county on the 12th day of November, 1890, and for several years prior thereto.   J. M. Moore succeeded said Maxwell as county judge, and is now county judge of said county.

"3.   Defendant Staples charged and retained as commissions on $7885 the sum of $394.25, one-half thereof being for receiving scrip from the tax collector, and the other one-half thereof being for turning said scrip over for cancellation to the Commissioners Court, said scrip

received by the tax collector of Llano County in payment of county taxes, and turned over and delivered to said Staples as treasurer; his reports showing these transactions having been approved by the Commissioners Court.

"4. March 16, 1892, the Commissioners Court of Llano County fixed the treasurer's commission at one-half of 1 per cent for receiving money due from insurance companies to the county, and one-half of 1 per cent for paying out the same.

"5. Defendant Staples received from W. S. Maxwell, county judge, $18,000 on May 14, 1892, and $3000 on June 17, 1892, aggregating $21,000, as money due the county from insurance companies, and said sum was entered in the treasurer's books to the credit of the fifth-class fund.

"6. The Commissioners Court transferred $9000 of insurance money from the fifth-class fund to other funds, and the same was disbursed from said other funds. Staples charged 2½ per cent commission for disbursing this transferred sum, and by expressly approving his reports the Commissioners Court allowed the 2½ per cent commission on said $9000, after having been discussed by said court.

"7. At the August Term, 1892, said Staples charged one-half of 1 per cent for receiving $21,000, and one-half of 1 per cent for disbursing $4663.21, and his report thereof was approved by the Commissioners Court. At the November Term, 1892, said Staples charged an additional commission of 2 per cent upon the last named sums, and a commission of 2½ per cent for disbursing the balance of said insurance money, $7336.79, and the Commissioners Court refused to approve said report.

"8. The commissions charged upon said scrip amounted to $394.25, and upon said insurance money, excluding that part of same transferred, amounted to $825, and upon $9000 of same, transferred, amounted to $225, aggregating $1444.25, and said Staples has appropriated same to his own use, and has not paid the same to his successor, or any other person, for Llano County.

"9. Said Staples kept his books so as to show a separate account with each of the different class funds. The money in his hands due the county he kept on deposit in one general sum in the bank, and not in separate amounts corresponding with the respective balances of the different funds."

*Opinion.*—The appellant assigns the following errors: "1. The court erred in overruling the defendant's general demurrer to so much of plaintiff's petition as alleged that the Commissioners Court had, by order of 16th of March, 1892, fixed the commissions of county treasurer at one-half of 1 per cent for receiving and one-half of 1 per cent for paying out moneys received from insurance companies.

"2. In giving judgment against defendants for the excess of one-half of 1 per cent for receiving and one-half of 1 per cent for paying

out moneys received as commissions, retained by defendant Staples as treasurer; because the Constitution, article 16, section 44, provides, that the treasurer's commissions shall be fixed by law, and the Legislature having fixed such commissions at $2\frac{1}{2}$ per cent for receiving and $2\frac{1}{2}$ per cent for paying out money, the Commissioners Court can not change the same.

"3. The court erred in giving judgment against the defendant for the excess of one-half of 1 per cent for receiving and one-half of 1 per cent for paying out money received from insurance companies, retained by defendant Staples as commissions; because there was no allegation in the petition nor proof on the trial that the $21,000 insurance money was received by the county judge after the order of the Commissioners Court was passed fixing the treasurer's commissions at one-half of 1 per cent for receiving and one-half of 1 per cent for paying out same."

The defect complained of in the pleadings, as attempted to be reached by the general demurrer, could not be questioned in that way, because the petition alleges and sets up two items for which the plaintiff is seeking to recover, and in which, especially as to one, the pleadings are sufficient. Such being the case, where the petition contains in effect a count that is well pleaded and a count that is defective, it has been the practice to overrule a general demurrer under such circumstances, upon the ground, that if the petition in part states a good cause of action, it would be error for the court to sustain a general demurrer addressed to it. But independent of this, we think, so far as the pleadings show, the petition, as to both items, states a cause of action; therefore there was no error in overruling the general demurrer to the petition.

Appellant next contends, that the Commissioners Court had no authority to pass an order fixing the commissions and fees that should be allowed the county treasurer. It seems that the court did, on the 16th of March, 1892, by an order passed, fix such commissions at one-half of 1 per cent for receiving and one-half of 1 per cent for paying out moneys. Appellant's contention in the main is, that under article 16, section 44, of the Constitution, the duty devolved upon the Legislature to fix the compensation of county treasurers by a law to that effect, and that no power exists to delegate to the county commissioners the authority of the Legislature in this respect. The Legislature, by article 2403, Sayles' Civil Statutes, declared, that the county treasurer's commissions shall be fixed by the Commissioners Court, not to exceed $2\frac{1}{2}$ per cent. This is all the law bearing upon this subject with reference to the amount of commissions or fees allowed by law to county treasurers, and as to the authority of the Commissioners Court to fix the same. The purpose of this law was to fix a maximum amount that may be allowed such officers, and to authorize the Commissioners Court, in the exercise of its judgment, to fix an amount less, whenever it was proper to do so. The point arises whether this authority in the Commissioners Court could be properly exercised, and was a delegation to

it of the authority of the Legislature in the matter in a way unwarranted by the Constitution.

Judge Moore, in the case of Willis v. Owen, 43 Texas, 61, uses this language: "It is said in the Constitution that the Legislature may provide for the raising of such amounts by taxation in the several school districts in the State as will be necessary. In view of the purpose of this tax, we think this language sufficiently broad to warrant the conclusion that the Legislature may provide for raising the necessary amount by the delegation of authority to the board of directors of the district to levy the tax for this purpose. At least, it can not be maintained, when the Legislature has levied the tax by fixing its maximum rate, that it may not delegate authority to the district boards of school directors, as quasi corporations, to fix the amount to be collected in their district under such levy by the Legislature."

In San Antonio v. Jones, 28 Texas, 32, the same judge, speaking for the court, says: "The Legislature may grant authority as well as give commands, and acts done under its authority are as valid as if done in obedience to its commands. Nor is a statute, whose complete execution and application to the subject matter is by its provisions made to depend on the assent of some other body, a delegation of legislative power. The discretion goes to the exercise of the power conferred by the law, but not to make the law itself. This doctrine is cited with approval in Johnson v. Martin, 75 Texas, 39.

The case of Wall v. McConnell, 65 Texas, 399, was a suit by the county judge of Houston County against McConnell and the sureties on his official bond as county treasurer, in which he claimed the right to retain, as commissions on money received and disbursed by him, a certain amount, the treasurer claiming, that he was entitled to 2½ per cent commissions on the amount received; and the plaintiff contended, that by virtue of an order of the Commissioners Court of May 15, 1883, the treasurer was only authorized to retain as commissions 1¼ per cent for receiving moneys. The court in the opinion says, that the authority of the Commissioners Court to fix the compensation is not questioned, and cites article 2403, Revised Statutes, that authorized the court to fix the amount of commissions the treasurer may be entitled to, and concludes by holding that the county should recover.

Although the constitutionality of the section of the law in question was not expressly raised in that case as is raised here, it is obvious that the Supreme Court in disposing of that case treated the provision of the law authorizing the Commissioners Court to fix the compensation of county treasurers as constitutional. It is obvious that the Supreme Court would not have permitted a recovery by the county when the order of the Commissioners Court as the basis of its action was founded upon an unconstitutional law. The action, based upon an order of the Commissioners Court fixing the fees of the treasurer which finds authority only in a law that is unconstitutional, although not questioned by an assignment of error, would clearly be regarded

as fundamental error, and no court of last resort would likely lend its aid to the enforcement of a judgment that rested upon a law that is in violation of the Constitution. Therefore the conclusion is reasonable, that the case cited is direct authority for maintaining the constitutionality of the law in question.

It is a sufficient answer to the last assignment of error to say, that it does not appear from the evidence that the county treasurer received the insurance money in question prior to the time the Commissioners Court passed the order fixing the commissions of the treasurer at one-half of 1 per cent. The petition in general terms alleged the liability of the treasurer for the excess of commissions received, and set up the order of the Commissioners Court showing what amount the treasurer was entitled to. If the treasurer had desired to show that the insurance money was collected and received by the county judge prior to the time of the passage of the order of the Commissioners Court, he should have offered some evidence to that effect, for the record is silent as to when this amount was received by the judge, although it is conclusively shown that it was paid to the treasurer about two months after the order of the Commissioners Court was passed. The county treasurer is made the custodian of the public moneys received by the county, and if money to which the county may be entitled is collected by the county judge for the use of the county, it would be his duty to immediately pay over and deposit it with the county treasurer; and in the absence of evidence to the contrary, the presumption is that he has performed his duty. Keeping in view this presumption, which is a rational one, we must conclude, in the absence of all evidence to the contrary, that the county judge paid over to the treasurer the insurance money as soon as he received it, which we find from the facts was about two months after the order of the. Commissioners Court was passed. Under this state of facts, if the treasurer asserted the right in commissions in this fund existing prior to the passage of the order of the Commissioners Court, he should have shown that the county judge collected and received the money prior to that time.

We find no error in the judgment, and it is affirmed.

*Affirmed.*

Delivered December 12, 1894.