WOOD COUNTY v. LEATH.    (No. 1956.)

(Court of Civil Appeals of Texas. Texarkana. June 27, 1918. Rehearing Denied June 29, 1918.)

COUNTIES ☞74(3) — COUNTY TREASURER — COMPENSATION.

Vernon's Sayles' Ann. Civ. St. 1914, art. 3873, provides that the county treasurer shall receive commissions on the money received and paid out by him, said commissions to be ·fixed by order of the commissioners' court as follows: For receiving all money other than school funds for the county, not exceeding 2½ per cent. for paying out the same. Article 3875 provides that the commissions allowed to any county treasurer shall not exceed $2,000 annually. *Held*, that an order of the commissioners' court, that the "county treasurer is allowed a commission on receipts and disbursements not to exceed $1,200 a year for the next ensuing year," was not void for limiting the amount of the commission to $1,200, nor because it did not fix the rate of the commission; it being clear that 2½ per cent. was intended.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Suit by Mrs. Lillie Leath against Wood County. Judgment for plaintiff, and the defendant appeals. Reversed and rendered.

The suit was by appellee to recover of appellant $2,525 which she claimed to be entitled to as commissions on moneys received and paid out by her as county treasurer. The trial was to the court without a jury. The appeal is from a judgment in appellee's favor for $1,490.60.

Having been elected county treasurer of Wood county, appellee qualified and entered upon her duties as such November 12, 1912; and, having been re-elected in 1914, she qualified again in November of that year, and continued to discharge the duties of the office until November 16, 1916.

For her services appellant paid appellee $1,500 a year for the first two years she served, at the rate of $1,500 a year for the first quarter of the first year of her second term, at the rate of $1,200 a year for the other three quarters of that year, and $1,200 for the second year of that term. The aggregate of the sums paid appellee for the four years she served was $5,475. The payments were made by authority of and in compliance with orders of the commissioners' court of Wood county as follows:

"February 16, 1912. It is ordered by the court that the county treasurer's commission on amounts received and paid out shall not exceed $1,500 per annum."

"February 11, 1915. The county treasurer is allowed commissions as provided by law not to exceed $1,200 per annum."

"February 16, 1916. The county treasurer is allowed a commission on receipts and disbursements not to exceed $1,200 a year for the next ensuing year."

If the commissioners' court had power to pass the orders set out, it was conferred by provisions in Vernon's Statutes as follows:

"Art. 3873. The county treasurer shall receive commissions on the moneys received and paid out by him, said commissions to be fixed by order of the commissioners' court as follows: For receiving all moneys other than school funds, for the county, not exceeding two and one-half per cent. * * * for paying out the same."

"Art. 3875. The commissions allowed to any county treasurer shall not exceed two thousand dollars annually."

Appellee's contention was that the statute conferred upon the commissioners' court power to fix her compensation as county treasurer in no other way than by "a specific rate of commission on receipts and disbursements" by her; that neither of the orders so fixed her compensation; and therefore, and because they were, severally, attempts by the commissioners' court to fix her compensation in another way, that each of the orders was void. The trial court sustained the contention, and, on the theory that the

commissioners' court had not by a valid order fixed the compensation to be paid appellee, held (it appearing that 2½ per cent. on the moneys annually received and paid out by appellee while she was county treasurer exceeded the maximum sum which could be paid a county treasurer under said article 3875) that appellant should have paid appellee $2,000 for each of the four years she served as county treasurer. But the trial court further held that appellee's right to recover the difference between the sums she should have received and the sums she did receive for her services during the two years of her first term as county treasurer and the first quarter of the first year of her second term was barred by the statute of limitations. Hence the judgment in appellee's favor was for $1,400 and interest, instead of for $2,525, as otherwise it would have been.

V. B. Harris and Floyd Harry, both of Quitman, and M. D. Carlock, of Winnsboro, for appellant. Jones & Jones, of Kerrville, and R. M. Smith, of Quitman, for appellee.

WILLSON, C. J. (after stating the facts as above). The trial court thought the commissioners' court meant by the order of February 11, 1915, to provide compensation for the county treasurer, not to exceed $1,200 per annum, by a commission of 2½ per cent. on moneys received and paid out by him. The trial court also thought the other orders were susceptible of a like construction, except that by the terms of the one dated February 16, 1912, the commissions to be paid were not to exceed $1,500; but he nevertheless construed them as showing the intention of the commissioners' court to be:

"To fix and provide a rate of commission ultimately to be determined by the (commissioners') court by the amount of receipts and disbursements per annum, which would produce and provide a sum and commission not to exceed the amount as provided in said orders, respectively, for one year."

We agree it appeared that the intention of the commissioners' court was to provide compensation for the county treasurer by a commission on moneys received and paid out by him, but we do not agree that the conclusion reached by the trial court that the order of February 11, 1915, was void because it limited the amount of the commission to $1,200 was correct; nor do we agree that the conclusion reached by the trial court that the other orders were void, for the same reason, and also because same did not fix the rate of the commission to be paid the treasurer, was correct.

It appears from the record that the conclusions of the trial court were based on Montgomery Co. v. Talley, 169 S. W. 1141, and Smith v. Wise Co., 187 S. W. 705.

The Court of Civil Appeals held the order dated March 30, 1910, in question in the Talley Case, to be void because it was an attempt by the commissioners' court to compensate the county treasurer by means of a salary it fixed. The other order (the one dated June 8, 1911) in question in that case undertook to fix the compensation of the treasurer at one per cent., not to exceed $600 per annum, however. For the year beginning November 14, 1911, and ending November 13, 1912, the treasurer retained $611.81, which was $11.81 more than the maximum amount of commissions provided by the order. The Court of Civil Appeals did not determine that the commissioners' court was without power, having fixed the rate of commission to be paid the treasurer at one per cent., to provide that the total of that commission should not exceed $600 per annum. What the Court of Civil Appeals thought about that matter was not indicated by anything in its opinion affirming a judgment for $11.81 in favor of the county, except the statement therein as follows:

"We think the trial court properly held that appellee had not converted any moneys of the county, and that the commissions retained by him, except the $11.81 excess for the year beginning November 14, 1911, and ending November 13, 1912, were allowed him by law."

If the statement, in view of the fact that Talley was not complaining of the judgment against him for the $11.81 excess over $600, should be said to have indicated what the court thought about the validity of the order, it was that it was not invalid because it understood otherwise than by a percentage on moneys he handled to limit the compensation of the county treasurer to a less sum than that named in the statute.

In the other case referred to, Smith sued Wise county for a balance he claimed to be due him for his services as county treasurer from November 10, 1910, to November 16, 1914. It appeared that on February 16, 1907, the commissioners' court made an order fixing the compensation of the county treasurer from November 28, 1906, to November 28, 1907, at such a commission as would amount, when added to all other sums received by him, to $1,600, and no more, for that year, and from November 28, 1907, at a commission of "1¾ per cent. for receiving and 1¾ per cent. disbursing county funds"; and thereafterwards made other orders as follows: February 12, 1909. That the county treasurer should "receive the same compensation that he received for the last two years, being $1,600 per year." February 17, 1911. That "the treasurer's salary be $1,600 per year, the same as last year." February 11, 1913. That the treasurer be allowed a "salary not to exceed $1,400." The Court of Civil Appeals held all of the orders except the one dated February 16, 1907, to be void because attempts by the commissioners' court to compensate the treasurer by means of a salary thereby fixed. As a writ of error was refused in the case, it must be assumed that the Supreme Court approved as correct the construction given to the orders.

But we do not understand that the ruling in that case, so far as stated, was regarded by the trial court, or is regarded by appellees, as decisive of anything in this case. Whatever may be said to have been the meaning of the orders in question in that case, it is clear enough that the orders in question here were not attempts by the commissioners' court to compensate appellee by means of a fixed salary. In the Smith Case the majority of the court, while declaring in their main opinion that they did not find it necessary to decide the question, expressed a doubt about the authority of the commissioners' court "to fix a maximum compensation below that prescribed by statute, except as it may be limited by the rate of commission fixed," and in their opinion on a motion for rehearing, having resolved the doubt, specifically held that the commissioners' court was without such authority. Justice Dunklin thought:

"That an order of the commissioners' court fixing a maximum of fees to be retained at a certain sum less than the maximum of $2,000 fixed by the statute, without fixing the rate of commissions, would be valid, for in that event the maximum rate of commissions provided by the statutes would govern, and the effect of such an order would be that the treasurer would be allowed to retain commissions at that rate until the maximum amount so fixed by the order should be collected, and thereafter the treasurer would receive nothing for his services."

It is plain that the Talley Case is of no value in determining this one. It is also plain that if the conclusion reached by the majority of the Court of Civil Appeals in the Smith Case, that the commissioners' court was without power to fix the maximum compensation of a county treasurer below that named in the statute, "except as it may be limited by the rate of commission fixed," was correct, the case before us has been properly decided. But we do not agree that that conclusion was correct if it was that the rate must be expressed in the order fixing the compensation; and in view of the fact that the Court of Civil Appeals determined the question when, as they stated, it was necessary they should do so, we do not think the refusal of a writ of error should be regarded as an approval by the Supreme Court of the ruling made. Therefore we do not feel bound by the decision in that case. We are of opinion the view taken by Justice Dunklin of the statute is the correct one.

The purpose of the Legislature in providing that county treasurers should be compensated by means of a commission on moneys received and paid out by them, and in prescribing both a maximum rate and total amount as limits beyond which the commissioners' court should not go in fixing such compensation, plainly was to insure adequate, and only adequate, compensation to each county treasurer according to the work required of and the responsibility imposed upon him in discharging the duties of his office. The Legislature thought the services of any county treasurer, however great the amount might be of the moneys received and disbursed by him annually, would not be worth exceeding $2,000, so they declared by article 3875 that no county treasurer should be allowed exceeding $2,000 per annum for his services. The Legislature thought the services of a county treasurer who received and paid out less than $80,000 annually would be worth proportionably less, according to the amount of the moneys he handled, than $2,000; so they declared by article 3875 that no county treasurer should be allowed for his services exceeding 2½ per cent. on the moneys received and disbursed by him. Had the Legislature prescribed only a maximum rate, say of 2½ per cent., it would have been within the power of the commissioners' court to have allowed the county treasurer who handled, say, $200,000 annually, compensation amounting to $5,000 per annum. Had the Legislature prescribed only a maximum amount, say of $2,000 per annum, it would have been within the power of the commissioners' court to have allowed a county treasurer who handled, say, $50,000, annually as much as $2,000 per annum for his services. It seems to us that no order of the commissioners' court which in its effect conforms to the purpose of the Legislature should be held to be invalid. As each of the orders in question here does that, we think the trial court erred when he held them, severally, to be void. Each of the orders clearly shows the purpose of the commissioners' court, conformably to the statute, to have been to compensate appellee by means of a commission on moneys handled by him, and not by a sum fixed as a salary; for it is plain that, had 2½ per cent. (the maximum of the commission authorized by the statute) on the amount of the moneys received and paid out by appellee amounted to less than the sums named in the orders, appellee would have been entitled, by virtue of the orders, to receive only the sum representing 2½ per cent. on the moneys handled by him, and not the sums specified in the respective orders.

We think the judgment should be reversed, and that judgment should be here rendered that appellee take nothing by his suit against appellant, and it will be so ordered.