**SEARCY v. WOOD COUNTY. (No. 3096.)**

(Court of Civil Appeals of Texas. Texarkana. July 8, 1925. Rehearing Denied Oct. 8, 1925.)

**Counties ⊜⟶74(3)—Order fixing commissions of county treasurer held repealed.**

Order of commissioners' court, passed pursuant to Rev. St. art. 3873, giving that court power to limit commissions of county treasurer, fixing commissions at $1,200, held repealed by subsequent orders fixing limit of commissions for particular ensuing years, and county treasurer, acting after subsequent void orders attempting to put treasurer on salary basis, could collect the maximum amount of commissions authorized by article 3875.

Hodges, J., dissenting.

Appeal from District Court, Wood County; J. R. Warren, Judge.

Suit by Mrs. Lovie Searcy against Wood County. From a judgment in favor of plaintiff for $300, plaintiff appeals. Judgment reversed, and rendered for appellant.

Jones & Jones, of Mineola, and R. M. Smith, of Quitman, for appellant.

V. B. Harris and R. E. Bozeman, both of Quitman, for appellee.

HODGES, J. The appellant was the treasurer of Wood county for the years 1922 and 1923. She filed this suit to recover the sum of $1,900 as the balance due for compensation claimed for those two years. At the conclusion of the testimony, the court directed a verdict in favor of the appellant for $300, and, from the judgment entered, she prosecutes this appeal.

The right of the appellant to demand what she sued for depends upon the legal effect of certain orders of the commissioners' court of Wood county fixing the compensation of the county treasurer. The record shows that the following orders were at different times passed by that court:

February 11, 1915: "The county treasurer is allowed commissions as provided for by law, not to exceed $1,200 per year."

February 16, 1916: "The county treasurer is allowed a commission on receipts and disbursements not to exceed $1,200 for the next ensuing year."

February 15, 1918: "It is ordered that the county treasurer be and is allowed commissions on receipts and disbursements not to exceed $1,200 per year for the next ensuing year, beginning with February, 1918."

On February 12, 1919, it was ordered: "That the county treasurer be and he is hereby allowed commissions on receipts and disbursements not to exceed $1,200 per year for the ensuing two years, beginning February 12, 1919."

On February 14, 1921, it was ordered that the treasurer be paid the sum of $600 per year. On February 15, 1922, the salary of the treasurer was fixed at $900 per year. On February 16, 1923, the salary of the county treasurer was fixed at $1,000 per year. In May of the same year the salary of the treasurer was increased to $1,200 per year.

It is conceded that all of those orders entered after February, 1919, putting the treasurer upon a salary basis, were invalid. Articles 3873 and 3875 of the Revised Statutes, which regulate the compensation of the county treasurer, are as follows:

"Art. 3873. The county treasurer shall receive commissions on the moneys received and

paid out by him, said commissions to be fixed by order of the commissioners' court as follows: / For receiving all moneys, other than school funds, for the county, not exceeding two and one-half per cent., * * * for paying out the same."

"Art. 3875. The commissions allowed to any county treasurer shall not exceed two thousand dollars annually."

A majority of this court are of the opinion that, after the expiration of the order of February, 1919, there was no order in effect regulating the compensation of the treasurer, and she was entitled to claim the maximum which the statute permitted—$2,000 per annum. They treat the orders adopted after February, 1915, as indicating an intention to modify and change the order of that date, and not leave it as a standing order for regulating the compensation which the treasurer might claim. That purpose is made manifest by the limitations included in the orders of 1916, 1918, and 1919. The legal effect of those orders was to repeal the order of 1915.

The writer does not agree to that conclusion. An inspection of the record indicates that the members of the commissioners' court of Wood county were under the impression that it was their duty to fix the compensation of the treasurer each year, or for a specified term. But there is no such legal requirement. The general order of February, 1915, would control until it was abrogated or modified by some subsequent valid order. But for the fact that subsequent orders were made, there would be no difficulty in holding that the compensation of the treasurer was limited to the maximum of $1,200 per year as specified in that general order. In the case of Wood County v. Leath, 204 S. W. 454, this court passed upon and upheld the validity of the order of February, 1915, notwithstanding an apparent conflict with the case of Smith v. Wise County (Tex. Civ. App.) 187 S. W. 705.

The question then is, Did the orders of 1916, 1918, and 1919, adopted by the commissioners' court of Wood county, repeal or modify the general order of 1915? In discussing that question, I shall treat as nullities the orders subsequent to 1919 which attempt to fix the compensation of the treasurer at an annual salary. The three valid orders above mentioned do not in express terms repeal the order of 1915. If they should be given that effect, it is because they do so by implication only. In passing orders of this character, commissioners' courts are acting in a legislative capacity; they are exercising their authority to adopt local regulations which the statute has placed within their discretion. There is therefore every reason why the same rules adopted by courts in considering the effect of successive laws enacted by the Legislature should be applied in considering the legal effect of successive orders of a commissioners' court when acting in a legislative capacity. It is a well-recognized principle that repeals by implication are not favored. Jessee v. De Shong (Tex. Civ. App.) 105 S. W. 1011, and cases there referred to. As stated in the case of Hunter v. City of Memphis, 93 Tenn. 571, 26 S. W. 828, it is not sufficient to establish that the subsequent law covers some or even all of the cases provided for; for they may be merely affirmative or cumulative or auxiliary; but there must be a positive repugnance between the provisions of the new law and those of the old law, and even then the old law is repealed by implication only pro tanto to the extent of the repugnance. 7 Words and Phrases, p. 6103.

The Supreme Court of Missouri, in Pacific Ry. Co. v. Cass County, 53 Mo. 17, said there should be a manifest and total repugnancy in the new law to lead to the conclusion that new law abrogated or was designed to abrogate the former law. The general order of February, 1915, is simple and brief. It merely fixes the maximum of the treasurer's compensation for an indefinite length of time at $1,200 per annum, and leaves the rate of the commission at the maximum allowed by the statute. The only difference between that order and the three subsequent valid orders is that in each of the latter there is a specification as to the time during which each of the orders was to apply. In each the same maximum compensation is fixed, and in each the rate of the commission is left to be determined by the language of the statute. There is not the slightest repugnancy between these and the general order of 1915. That being true, the order of 1915 must have been in effect at the expiration of the order of 1919; and, being the only valid order in existence at the time the appellant was serving in 1922 and 1923, it should regulate the amount of her compensation.

I think the judgment should be affirmed, but, in conformity with the opinion of the majority, it will be reversed, and here rendered for the appellant.