**SHAW et al. v. SMITH COUNTY.**

No. 1378—5544.

Commission of Appeals of Texas, Section A.

June 25, 1930.

D. R. Pendleton and David Wuntch, both of Tyler, for plaintiffs in error.

Mastin G. White and Ernest Goens, both of Tyler, for defendant in error.

### SHARP, J.

Mrs. Edna Shaw, joined pro forma by her husband, instituted this suit in the district court against Smith county and alleged that she was duly elected to the office of county treasurer of Smith county, and qualified as such treasurer as required by law, and further alleged that the commissioners' court of Smith county illegally attempted to reduce her salary from $2,000 a year, as allowed by law, to $960 a year, and that she sues Smith county for damages in the sum of $1,900; that her claim was duly presented to the commissioners' court and same was disallowed. The defendant answers with a plea of estoppel and the order of the commissioners' court of Smith county. The case was tried before the court without a jury, and judgment was rendered by the court in favor of the defendant against plaintiffs. Plaintiffs appealed to the Court of Civil Appeals of the Sixth Supreme Judicial District at Texarkana, and that court affirmed the judgment of the lower court. A writ of error has been granted.

On March 24, 1925, the commissioners' court of Smith county passed the following order:

"In the matter of compensation of the County Treasurer of Smith County, Texas, coming on to be considered, and it appearing to the court that this is a necessity for the regulation of said compensation based on commissions of receipts and disbursements for the ensuing year. It is therefore ordered by the court that the County Treasurer of Smith County, Texas, be allowed and paid lawful commissions on receipts and disbursements for the ensuing year not to exceed the total amount of Nine Hundred Sixty ($960.00) Dollars per annum, until otherwise ordered or directed by this court, it being the purpose and intention of the court to put the compensation of said treasurer on a commission basis and that said lawful commissions shall not exceed the total of the said Nine Hundred Sixty ($960.00) Dollars per annum until otherwise ordered by the court.

"It is further ordered that the said commissions be paid from time to time on claims against the county and that be paid and allowed for issuance and payment of proper warrants as other claims are now paid and allowed."

Plaintiffs seek to recover the sum of $1,900 as compensation in excess of the amount actually paid to Mrs. Shaw by Smith county, upon the ground that the order of the commissioners' court was void, in that the commissioners' court had no authority to reduce the maximum amount less than that fixed by the laws of this state.

Article 16, section 44, of the Constitution of Texas, provides for the election of a county treasurer and provides that such officer "shall have such compensation as may be provided by law." Article 3941, R. S. 1925, is as follows:

"The county treasurer shall receive commissions on the moneys received and paid out by him, said commissions to be fixed by order of the commissioners court as follows: For receiving all moneys, other than school funds, for the county, not exceeding two and one-half per cent, and not exceeding two and one-half per cent for paying out the same; provided, that he shall receive no commissions for receiving money from his predecessor nor for paying over money to his successor in office."

Article 3942 provides that the county treasurer shall be allowed one-half of 1 per cent. for disbursing the available school funds of the county, and article 3943 provides that "the commissions allowed to any county treasurer shall not exceed two thousand dollars annually."

The sole question for our decision in this case turns upon the proposition: Can the commissioners' court fix the maximum amount which the county treasurer may retain as commissions less than that fixed by statute? It is plain that the Legislature, recognizing the nature of the services rendered by the county treasurer to a county, intended to leave the fixing of compensation for such treasurer to the discretion and judgment of the commissioners' court of that county, and expressly stated the maximum per cent. that could be allowed the county treasurer to be paid out of any funds received or disbursed by such officer, and summed up the intention of the Legislature not to permit more than a certain sum to be paid the treasurer in any county in a sum not to exceed $2,000 annually. That the commissioners' court, under the provisions of the statutes above cited, were authorized to fix such compensation on a percentage basis, and the Legislature did not limit the commissioners' court as to the minimum amount, but did prescribe the maximum amount to be paid such officer as compensation.

An analysis of the order passed by the commissioners' court of Smith county in this case plainly shows, in our opinion, that it was the intention of that court to fix the compensation of Mrs. Shaw as treasurer of Smith county on a commission basis. The language of the order itself shows that intention. It recites that the compensation of the county treasurer was being considered, and that there was a necessity for the regulation of said compensation of such officer based on commissions of receipts and disbursements for the ensuing year. It further appears, as shown by the terms of the order entered by the commissioners' court, that it was the intention that the county treasurer of Smith county should be allowed and paid lawful commissions on receipts and disbursements for the ensuing year not to exceed the total amount of $960 per annum, and the court expressly stated in said order that "it being the purpose and intention of the court to put the compensation of said treasurer on a commission basis and that said lawful commissions shall not exceed the total of the said Nine Hundred Sixty ($960.00) Dollars per annum." The commissioners' court did not rest their order upon that statement alone, but further provided that "it is further ordered that the said commissions be paid from time to time on claims against the county and that be paid and allowed for issuance and payment of proper warrants as other claims are now paid and allowed."

Plaintiff contends that the foregoing order of the commissioners' court in fixing the compensation of the county treasurer of Smith county was illegal and void as being contrary to the Constitution and the laws of this state. In support of their contention they cite the cases of Rusk County v. Hightower (Tex. Civ. App.) 202 S. W. 802; Smith v. Wise County (Tex. Civ. App.) 187 S. W. 705. The defendant contends that the action of the commissioners' court of Smith county was well within the provisions of the statutes above cited and the opinions of the courts of this state, and, in support of that contention, cite the following cases: Wood County v. Leath (Tex. Civ. App.) 204 S. W. 454 (W. E. denied); Greer v. Hunt County (Tex. Com. App.) 249 S. W. 831, 834; Kaufman County v. Gaston (Tex. Civ. App.) 273 S. W. 894, 896 (W. E. denied).

We think the effect of the enactment of the foregoing articles of the Revised Statutes to be that if the commissioners' court of Smith county, in the exercise of its authority, undertook, as it did in this case, to base the compensation of the county treasurer upon a percentage of the commissions on receipts and disbursements not to exceed the total amount of $960 per annum, the order, in our opinion, would have been fixing the maximum amount which the treasurer could earn as commissions and the rate or per cent. necessary to support that amount could readily be calculated from time to time. This, in our judgment, would not be prohibited by law.

The case of Hill County v. Sauls (Tex. Civ. App.) 134 S. W. 267, 269 (W. E. ref.) involved the authority of the commissioners' court of Hill county to fix the compensation of the county treasurer of that county. The Court of Civil Appeals in effect held that the commissioners' court, under the statutes herein cited, did not authorize the court to fix the salary of the county treasurer at some fixed and definite sum, not based upon commissions as provided for in said statutes. Upon the question as to the power of the commissioners' court to fix the compensation of the treasurer at a rate less than that provided by the foregoing articles of the statutes, it said:

"The law vested in the commissioners' court the power to fix the commissions of county treasurer; the only limitation being that it should not exceed 2½ per cent. on the dollar for receiving and paying out money. Having fixed the maximum rate, it seems, had the lawmakers intended the commissioners' courts should not fix a lower rate, they would have so said. As the amount fixed was within the discretion given by law, it is not within the power of the courts to interfere. Besides, appellee was aware of the court's action, and, if the compensation was too small, he was not compelled to perform the services, and, having done so, he cannot complain. It may be that the compensation fixed was too small and an injustice done appellee, but, on the other hand, the compensation may have been sufficient under the then existing condition; at any rate, the commissioners' court has exercised the discretion granted by law, and this court is powerless to interfere. Riggins v. Richards [Tex. Civ. App.] 79 S. W. 84; Sanderson v. Pike County, 195 Mo. 598, 93 S. W. 942."

The case of Wood County v. Leath, supra, involved a suit by the county treasurer against Wood county for commissions due her as county treasurer on moneys received and disbursed by her as such officer. The orders involved in that case are set out as follows:

"February 16, 1912. It is ordered by the court that the county treasurer's commission on amounts received and paid out shall not exceed $1,500 per annum.

"February 11, 1915. The county treasurer is allowed commissions as provided by law not to exceed $1,200 per annum.

"February 16, 1916. The county treasurer is allowed a commission on receipts and disbursements not to exceed $1,200 a year for the next ensuing year."

The judgment of the trial court was for the plaintiff, and was based upon the cases of Montgomery County v. Talley (Tex. Civ. App.) 169 S. W. 1141, and Smith v. Wise County (Tex. Civ. App.) 187 S. W. 705, and it was con-

tended in that case, as here, that the orders entered by the commissioners' court of Wood county were void. The Court of Civil Appeals discussed the opinions upon which the trial court based the judgment, and disagreed with the opinion of the majority of the Court of Civil Appeals in the Smith Case, and agreed with the opinion of Judge Dunklin, who thought that the commissioners' court had the power to fix the maximum fees as compensation for the county treasurer at a certain sum less than the maximum of $2,000 fixed by the statutes without fixing the rate of commission. The court discussed fully the intention of the Legislature in enacting the statutes involved, and held that the commissioners' court had the power to fix the compensation of the county treasurer at a sum less than the maximum amount prescribed by law. The Court of Civil Appeals states its conclusions as follows:

"As each of the orders in question here does that, we think the trial court erred when he held them, severally, to be void. Each of the orders clearly shows the purpose of the commissioners' court, conformably to the statute, to have been to compensate appellee by means of a commission on moneys handled by him, and not by a sum fixed as a salary; for it is plain that, had 2½ per cent. (the maximum of the commission authorized by the statute) on the amount of the moneys received and paid out by appellee amounted to less than the sums named in the orders, appellee would have been entitled, by virtue of the orders, to receive only the sum representing 2½ per cent. on the moneys handled by him, and not the sums specified in the respective orders."

The case of Greer v. Hunt County, supra, involved the construction of an order passed by the commissioners' court of Hunt county to the effect that the salary of the county treasurer of that county be fixed at $1,200 per annum. Presiding Judge McClendon rendered the opinion, and we think, under the facts involved in that case, correctly held that the order passed by the commissioners' court of Hunt county violated the provisions of the statutes and was illegal and void. In reaching the final conclusion in that case he discussed the various opinions bearing upon this question and says:

"The Leath Case holds that the commissioners' court has the power to reduce below the statutory limit of $2,000 the maximum amount which the treasurer may be paid as commissions, so long as the compensation of the treasurer is not changed from a commission basis.

"The controlling distinction between the order in the Leath Case, on the one hand, and those in the Talley and Smith Cases, on the other, is that in the former the commissioners' court did not attempt to change the commission basis of the treasurer's compensation, but, in addition to reducing below the statutory maximum the percentage of his commissions, merely reduced the maximum of his yearly compensation under the commission basis to $1,600; whereas in the Talley and Smith Cases the commissioners' court attempted to substitute a fixed annual salary in lieu of the commissions which the treasurer would otherwise receive. It was held in all of these cases that this could not be done."

The case of Kaufman County v. Gaston, supra, involved an order passed by the commissioners' court of Kaufman county, which is in many respects similar to the order passed by the commissioners' court of Smith county involved in this suit. The order in that case fixed the compensation of the county treasurer at a sum less than the maximum allowed by law, and the court held that order valid and further says:

"It follows that the court's judgment allowing appellee compensation at the rate of $2,000 per annum from December 1, 1921, to January 1, 1923, in a total sum of $2,166.66, must be reversed, and we here render judgment in favor of appellee against appellant for the sum of $600, for his compensation from December 1, 1921, to December 1, 1922, and for $50 additional for his compensation for the month of December, 1922. Appellee conceded on oral argument that for the month of December, 1922, his compensation could only be one-twelfth of the yearly compensation, whether that sum was the $2,000, as fixed by statute, or the $600, as fixed by the order of the commissioners' court."

In view of the foregoing authorities, and for the reasons herein stated, we think that the order entered by the commissioners' court of Smith county in this case was legal and did not violate the provisions of the statutes above cited.

We therefore recommend that the judgment of the Court of Civil Appeals and the trial court be, in all respects, affirmed.

CURETON, C. J.

Judgments of the District Court and Court of Civil Appeals affirmed.