### THROCKMORTON COUNTY v. THOMPSON et al.

No. 1564.

Court of Civil Appeals of Texas. Eastland.

June 19, 1936.

Rehearing Denied Sept. 18, 1936.

D. T. Bowles, of Breckenridge, for appellant.

Ruben Loftin, of Wichita Falls, and John Lee Smith, of Throckmorton, for appellees.

FUNDERBURK, Justice.

Mrs. Lola Thompson was the county treasurer of Throckmorton county from 1929 to 1934, inclusive. She gave a number of official bonds with different sureties. She was paid commissions on receipts and disbursements by way of compensation for her services for the years, and in the amounts as follows: 1929, $1,703.37; 1930, $1,805.63; 1931, $2,236.66 ($342.34 of said sum was paid on February 12, 1931, as commissions for the year 1930); 1932, $1,720.56; 1933, $1,518.42; 1934, $1,346.59.

On January 14, 1929, the commissioners' court "ordered that the County Treasurer's salary be and is hereby set at 2½% commission for receipts and 2½% for disbursements, and not to exceed $1600 for the year." On January 12, 1931, a new order was made purporting to cover the time from January 1, 1931, to December 31, 1932, inclusive, which, in its material parts, provided that the treasurer's commission should "be such commission of the amount of funds he may receive and disburse as

when added to the commissions he receives on the school funds and the commission he has already received on other funds as will aggregate him a total of $1,600 per annum and in no event shall his commission from all sources amount to more than $1,600 per annum." On January 2, 1933, another order was made which, so far as material, provided that the county treasurer "be allowed and paid lawful commissions on receipts and disbursements for the ensuing year not to exceed the total amount of $1200 per annum until otherwise ordered by the court." Said order further provided: "It is further ordered that said commissions be paid from time to time on claims against the county and that be (?) paid and allowed for issuance and payment of proper warrants as other claims are now paid and allowed." On January 8, 1934, another order was adopted identical with the next preceding, except that it specified a maximum of $1,260 instead of $1,200.

This suit was brought by Throckmorton county against Mrs. Thompson and the several sureties on her different bonds, seeking to recover the amount of commissions paid for said years in excess of the said several maximum amounts specified in said orders. The defendants, among other things, pleaded as a special defense res adjudicata consisting of allegations to the effect that the county treasurer had during all of said time made quarterly reports to the commissioners' court as provided by law, showing therein the receipt by her upon warrants drawn by her of the commissions, aforesaid, and the approval of said reports by the commissioners' court. Pleas of the two and four year statutes of limitation were also interposed. The suit was filed January 28, 1935.

Upon a nonjury trial the court gave judgment for the defendants, from which the plaintiff has appealed.

The trial court upon due request filed conclusions of fact and law showing that the judgment was based upon his sustaining the pleas of four-year limitation and res adjudicata. As to the commissions averred to have been overpaid for the years 1931 and 1932, the court concluded, as an additional basis for the judgment in part, that the order of January 12, 1931, was void, by reason whereof the treasurer was entitled to recover a commission of 2½ per cent. on receipts and disbursements of funds, other than school funds, not to exceed the statutory maximum of $2,000.

The trial judge also found that, of the $2,236.66 paid during the year 1931, $342.34 of said amount paid February 12, 1931, was commissions for the year 1930. In other words, it was found, in effect, that less than $2,000 was paid as commissions for the year 1931 and more than $2,000 for the year 1930.

We are not authorized to review upon the record presented the action of the court in overruling exceptions to the defendant's answer. Such action is not shown by the judgment. It is attempted to be shown by bills of exception. Where the action of the trial court in sustaining or overruling exceptions to pleadings is sought to be reviewed upon appeal, the judgment must show the action complained of, and it cannot be shown by bills of exception. Court Rules 53 and 65 (142 S.W. xxi, xxii). This proposition is supported by numerous decisions which may be found listed in Southwestern Digest under the subject Appeal and Error ☞713 (3).

We concur in the conclusion of the trial judge that the order of the commissioners' court dated January 12, 1931, and purporting to fix the compensation of the county treasurer from January 1, 1931, to December 31, 1932, inclusive, is void. The question arises upon statutory provisions, as follows:

R.S.1925, art. 3941: "The county treasurer shall receive commissions on the moneys received and paid out by him, said commissions to be fixed by order of the commissioners court as follows: For receiving all moneys, other than school funds, for the county, not exceeding two and one-half per cent, and not exceeding two and one-half per cent for paying out the same; provided, that he shall receive no commissions for receiving money from his predecessor nor for paying over money to his successor in office."

R.S.1925, art. 3942: "The treasurers of the several counties shall be allowed for receiving and disbursing the school funds one-half of one per cent for receiving, and one-half of one per cent for disbursing, said commissions to be paid out of the available school fund of the county."

R.S.1925, art. 3943: "The commissions allowed to any county treasurer shall not exceed two thousand dollars annually; provided, that in all counties in which the assessed value of the property of such counties shall be one hundred million dollars or more as shown by the preceding assessment

roll, the treasurers thereof shall receive as their commissions a sum not exceeding two thousand seven hundred dollars annually."

The power thus granted by the Legislature to commissioners' courts is a delegated, discretionary, legislative power. Searcy v. Wood ˣCounty (Tex.Civ.App.) 275 S.W. 719; Collingsworth County v. Myers (Tex.Civ.App.) 35 S.W. 414; Staples v. Llano County, 9 Tex.Civ.App. 201, 28 S.W. 569. Being discretionary, the absence of its exercise, or invalid attempt to exercise it, by a commissioners' court, will not deprive a county treasurer of compensation, but in any such case the compensation will be the maximum rate of commissions provided by law, subject to the maximum limit of $2,000. Greer v. Hunt County (Tex. Com.App.) 249 S.W. 831; Bastrop County v. Hearn, 70 Tex. 563, 8 S.W. 302; Smith v. Wise County (Tex.Civ.App.) 187 S.W. 705; Montgomery County v. Talley (Tex. Civ.App.) 169 S.W. 1141.

We, shall assume, without deciding, since it is unnecessary to do so, that the power vested in the commissioners' court by said statutory provisions includes, not only the power to fix the rate or per cent. of commissions, on other than school funds, at a rate or per cent. within (less than) 2½ per cent. on receipts and disbursements, but also to fix a maximum limit less than the statutory limit of $2,000 upon the total of such commissions at the rate so fixed by the commissioners' court. It has been so held in Wood County v. Leath (Tex.Civ. App.) 204 S.W. 454; Kaufman County v. Gaston (Tex.Civ.App.) 273 S.W. 894, and recognized and impliedly approved in Greer v. Hunt County (Tex.Com.App.) 249 S.W. 831, and Shaw v. Smith County (Tex.Com. App.) 29 S.W.(2d) 1000, 70 A.L.R. 1046. Under this construction of the powers of the commissioners' court the order in question would be valid if it could properly be interpreted as merely limiting the maximum amount of commissions to $1,600ˑ per annum, but not limiting the rate or per cent. of commissions to less than the rate of 2½ per cent. of receipts and disbursements (excluding school funds), but it is not susceptible to such construction. It clearly purports to limit, not only the maximum amount of commissions, but the rate or per cent. as well. Its vice is that no certain rate or per cent. was fixed which could be operative in determining the compensation of the treasurer independently of the maximum of

$1,600. The rate or per cent. of commissions could not be determined until at the end of the year, when all the receipts and disbursements had become known, and even then the maximum of $1,600 would be a controlling factor in determining such rate. The rate or per cent. of commissions must be capable of ascertainment independently of the maximum, so that, if the rate does. not produce the maximum commissions, the amount of compensation will none the less be certain and will simply be the sum of the commissions without reference to the maximum. The true test is believed to be: Can the rate or per cent. of commissions and the maximum operate under different circumstances independently to determine the amount of commissions? Unless an order meets this test, it simply provides a salary as compensation, which the commissioners' court has no power to do

The decision in Greer v. Hunt County,. supra, is deemed controlling. Whether the compensation provided for be denominated commissions or salary, it must in fact be commissions and not salary. The rate or per cent. of commissions must be as definite and certain as the maximum amount, to the end that, if no occasion arises to apply the maximum, the compensation will be simply the total of commissions atˑthe fixed rate or per cent. unaffected by the prescribed maximum.

The order fixing commissions in 1929 was by its own terms limited to that year. There was no order fixing commissions for the year 1930. There was therefore, we think, no valid former order operative during the years 1931 and 1932 to limit either the rate or maximum of commissions received during those years. Mrs. Thompson was entitled to the maximum rate limited only by the maximum amount of $2,-000.

The most important question presented for decision, at least in its effect upon the disposition of the case, is whether or not the claim in suit, or any part thereof, had already been conclusively adjudicated. The county treasurer was required to make quarterly reports to the commissioners' court of all moneys received and disbursed by her. R.S.1925, art. 1617. She was required to "keep accurate detailed accounts showing all the transactions of his [her] office." Id. art. 1634. All vouchers were required to accompany the reports, and it was the duty of the commissioners' court to "compare the vouchers with the report, and all

proper vouchers shall be allowed and the treasurer credited with the amount thereof." Id. The commissioners' court was required, when it had examined the quarterly reports and found same correct, to "cause an order to be entered upon the minutes of the court, stating the approval thereof," etc. R.S. 1925, art. 1636. The power thus granted and the duty thus enjoined upon the commissioners' court is not a legislative power or function like that noted above, but a judicial power. In such matters over which it has jurisdiction its decision, in the absence of direct attack by appeal to the district court, is conclusive. Jeff Davis County v. Davis (Tex.Civ.App.) 192 S.W. 291, 297, and authorities therein cited. The orders of the commissioners' court approving the quarterly reports of the county treasurer have the force and effect of judgments not subject to collateral attack, unless there be a lack of jurisdiction. Jeff Davis County v. Davis, supra.

The commissioners' court in auditing the treasurer's quarterly reports and approving them was necessarily required to consider and determine whether either the law or its previous orders authorized the payment to the treasurer of the commissions reported as received by her. Such limitations upon its power as the law prescribed were limitations upon its jurisdiction. Previous orders of the commissioners' court were not necessarily limitations upon its jurisdiction. Let us suppose that in the consideration of the treasurer's report there was a suggestion that a previous order attempting to limit the commissions of the treasurer was for some reason void. Can it be doubted that as a jurisdictional matter the court would have had authority by its judgment to approve the payment of commissions in greater amount than provided in the order, but within the limitations prescribed by law? We think not. If this view be correct, it will be immaterial in a collateral attack that the order may in law have been valid. In a collateral attack it will be presumed, if necessary, we think, that the court rescinded its former order, since it may well have done so at any time. Collingsworth County v. Myers, supra. The very order approving the payments to the treasurer, being inconsistent with the former order, which at all times was within the control of the court, should no doubt be held to imply a repeal of the former order, both dealing as they did with the same subject matter.

We think our conclusions upon this point are supported by the decisions in Jeff Davis County v. Davis, supra, and the comparatively recent decision in Cameron County v. Fox (Tex.Com.App.) 61 S.W.(2d) 483, 487. In the first-named case is a splendid discussion of the distinction between the action of the commissioners' court in reference to matters which have been confided to its jurisdiction and of matters over which it has no jurisdiction. In Cameron County v. Fox, supra, it was held that, where the law prescribed the maximum compensation of officers, the commissioners' court has no power to approve accounts and thereby bind the county so it cannot recover payments made in excess of the amounts limited by statute. Upon this point all authorities we think are agreed. But it was further held that, although the law required officers under the maximum fee law to procure authority for appointment of deputies, the application for which was required to state the salary to be allowed and the order granting the authority required to state such salary, yet, in the absence of such authority, orders of the commissioners' court approving accounts of a tax collector, which included the payment of the salary of deputies in amounts which the commissioners' court could have authorized, would constitute the requisite authority. The court said:

"Assuming that the commissioners' court, in auditing and settling the accounts of Fox, approved the amount of salaries paid by him to his deputies, such approval, we think, would satisfy the statute. What the commissioners' court could have authorized in the beginning, that court could subsequently ratify. Although we are satisfied that compliance by the tax collector, with the provisions of the statute regarding the application for authority to appoint deputies was intended by the Legislature to be a condition precedent to the tax collector claiming credit, as a matter of right, for salaries paid his deputies, we are further satisfied that those provisions were not intended to operate as a condition precedent to the exercise of power by the commissioners' court to approve the amount of salaries paid by the tax collector from the fees of office collected by him, and to allow him credit therefor. So far as the action of the commissioners' court in doing this is concerned, the previous lack of authority in the tax collector, in respect to said salaries, would be immaterial. Affirmative action in this respect, by the commissioners' court

as such, would bind the county just the same."

If we are correct in concluding, as we do, that the same principle is applicable to the facts found by the trial judge and made the basis of his judgment, it is determinative of all issues in the case, except the one presently to be mentioned, irrespective of the validity or invalidity of any of the orders of the commissioners' court attempting to limit the compensation of the treasurer.

The trial judge found that commissions in the sum of $342.34 paid February 12, 1931, were due for the year 1930, and were not to be included in the commissions paid for the year 1931. We approve this finding, but to the extent of $147.95 of said sum of $342.34 the commissioners' court had no authority to approve same, since the maximum of $2,000 would be exceeded by said amount. Limitation would begin to run against the county from the time of such unauthorized payment. The suit having been filed January 28, 1935, it was not barred by limitation if the applicable period of limitation was four years. It was barred if the applicable period was two years. We have concluded that the act of the commissioners' court in allowing payment of the sum of $147.95 in excess of $2,000 was of the same nature, and subject to the same principle of law, as the act of the commissioners' court in Jeff Davis County v. Davis, supra, in allowing the sheriff pay for postage stamps, telephone services, automobile hire, etc., or the allowance of additional compensation to his ex officio salary. There was no failure of the county treasurer to account for, or pay, money due the county. All moneys were properly accounted for and the commissioners' court in effect ordered payment to the county treasurer of $147.95, which it had no jurisdiction to do, and of which sum the county now seeks recovery. Of such action it was said in the case cited: "As to the items in groups 1 and 2, it is shown above that the liability of Davis therefor does not arise upon his official bond, but upon an implied contract for county money had and received. This being true, the two-year statute of limitation applies with respect thereto." The two-year statute of limitation (Vernon's Ann.Civ.St. art. 5526) was pleaded. It is true, no express finding was made or conclusion stated by the trial judge with respect to the two-year statute of limitation. However, the facts that were found are just as available upon which to apply the law of two-year limitation as four. Upon the face of the record, therefore, the judgment was just as correct for a different reason, in so far as it denied recovery of the $147.95, as it was in denying recovery of the remainder of appellant's claim.

Being of the opinion that no reversible error is shown, and that the judgment of the court below should be affirmed, it is accordingly so ordered.

GRISSOM, J., disqualified and not sitting.