HUNT COUNTY v. GREER. (No. 8239.)

(Court of Civil Appeals of Texas. Dallas. June 14, 1919. Rehearing Denied July 5, 1919.)

1. COUNTIES ⬤=74(3)—COUNTY TREASURER—COMPENSATION.

Act of commissioners' court of county in fixing treasurer's salary at $1,200 per annum, where the treasurer under the law was entitled to commissions to a maximum amount of $2,000, was illegal, null, and void, and not binding upon treasurer.

2. COUNTIES ⬤=74(3)—COUNTY TREASURER—COMPENSATION—WAIVER.

Where county treasurer accepted office knowing that commissioners' court had fixed the salary at $1,200 per year, and for four years accepted such amount, without a legal protest, and turned over county's funds to his successor without retaining commissions due him in excess of such salary, he waived the right to recover further remunerations upon ground that the act of commissioners' court, fixing salary, was void, and that under the law he was entitled to commissions to maximum amount of $2,000.

3. PAYMENT ⬤=82(1)—RECOVERY OF MONEY VOLUNTARILY PAID.

A party cannot by direct action, or by way of set-off or counterclaim, recover money voluntarily paid with a full knowledge of all the facts and without any fraud, duress, or extortion, although no obligation to make such payment existed.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by J. L. Greer against Hunt County. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

Clark & Sweeton, of Greenville, for appellant.

Hall & Peak, of Greenville, for appellee.

RAINEY, C. J. A statement of the case is taken from appellant's brief as follows:

Appellee instituted this suit against Hunt county alleging:

"That he had been elected and qualified and served as treasurer of said county from the 14th day of November, 1914, to December 2, 1918. That, during said terms, the commissions "allowed him by the statute upon the amount of money officially received and paid out by him as county treasurer amounted to a sum largely in excess of $2,000 per annum, the maximum compensation allowed by law. That, some time prior to the time he entered said office, the commissioners' court of Hunt county had, by an order that was illegal and void, attempted to fix the salary of the county treasurer of said county at $1,200 per annum; and that, while he served as county treasurer, the said commissioners' court 'failed and refused to pay' him, for his services as county treasurer, 'any commissions whatever.' He further alleged that, after allowing credit for the $1,200 per annum received by him for his services, there was still due him the sum of $3,200.33; that he made out and presented a claim for said amount to the commissioners' court of said county; and that said court 'failed and refused to audit and allow said claim.'

"Appellant answered by general demurrer, special exception, general denial, and specially pleaded, among other things, that the order of the commissioners' court complained of had been entered in 1909, effective on the 1st day of December, 1910, and that thereafter all of the county treasurers of Hunt county had received and accepted the sum of $1,200 per annum in full compensation for their services; that appellee knew of the order before he ran for the office the first time and made the race upon the proposition that he was to receive but $1,200 per annum; that he did not intend, either when he ran for the office or after he took it, to receive any more; that he was paid regularly the sum of $100 each and every month in full payment and satisfaction for his services performed during the previous month; that he accepted the same each time payment was made, with no intention to demand or receive any further compensation for the time for which such payment was made; that there was both an expressed and implied agreement that such compensation was satisfactory to him; and that he had waived and was estopped from claiming anything else. This suit was entered about the 1st of December, 1918. The trial court sustained appellant's special exception urging the statutes of limitation of two years to all that part of appellee's claim which accrued more than two years before the suit was filed. The case was tried before the court without a jury on the 22d day of January, 1919, resulting in a judgment in favor of appellee for the sum of $1,633. At the request of appellant, the trial court filed findings of fact and conclusions of law. Appellant excepted to the judgment of the court and, in open court, gave notice of appeal."

The conclusions of fact as found by the court are correct, which are adopted and are as follows:

"(1) The plaintiff was the duly elected, qualified, and acting county treasurer of Hunt county, Tex., from the 14th day of November, 1914, until the 14th day of December, 1918; that during said time the commissions allowed by law upon all moneys received and disbursed by him, exclusive of school funds, amounted to more than $8,000.

"(2) At its regular December term, 1909, the commissioners' court of Hunt county passed an order and caused same to be entered in the minutes of said court, undertaking to fix the salary of the county treasurer at the stated sum of $1,200 per annum; the order providing that it should take effect at the expiration of the term of the incumbent of said office at that time.

"(3) That the succeeding county treasurer held said office for four years and received as salary and compensation for such services $1,200 per annum.

"(4) That at the time plaintiff was elected and qualified in 1914 he knew of said order and that the county treasurer had been receiving a salary of $1,200 per annum thereunder; that the plaintiff's salary was paid to him in monthly installments of $100 each; that he received the same without formal protest, but that he did at various times during his incumbency complain to the county judge and two other members of the commissioners' court that he was not being paid enough for his services and thought that the commissioners' court ought to allow him more money; that during the time he was so receiving said salary he had no intention of claiming the commissions allowed by law, but upon one occasion he did have an attorney to go before the commissioners' court and request that they fix his salary at the amount allowed by law, on account of his work being heavier by reason of having to handle a good roads fund.

"(5) That the commissions allowed by law on the amounts collected and disbursed by the plaintiff as county treasurer, exclusive of school funds, for the period of two years preceding the filing of this suit, will exceed the sum of $4,000."

[1] The act of fixing the treasurer's salary at $1,200 per annum by the commissioners' court of Hunt county was illegal, null, and void, and therefore not binding on appellee. Montgomery County v. Talley, 169 S. W. 1141; Smith v. Wise County, 187 S. W. 705; Rusk County v. Hightower, 202 S. W. 803.

[2] While the authorities hold that it is not legal for the commissioners' court of a county to fix the salary of its treasurer at a stated sum per annum, still we are of the opinion that appellee cannot avail himself of the nullity of the action of the commissioners' court in so fixing the salary of the treasurer for the reason that he knowingly accepted the $100 for each month for the four years without a legal protest, and by his conduct he waived the payment of further remuneration. He knew when he accepted the office that the commissioners' court had fixed the salary at $1,200 per year. He accepted the $100 per month with no intention of demanding more salary. It is true that he complained once or twice to members of the court of the meager salary, and on one occasion he employed an attorney to go before the court and try to get an increase; but this was refused, and he still received the $100 per month without legal protest, and finally voluntarily paid over the funds in his hands to the county without any attempt to retain in hand the amount he claimed was owing him as salary he had not received or making any protest for so doing. State ex rel. Kinsey v. Messerly, 198 Mo. 351, 95 S. W. 913; U. S. v. Wilson, 168 U. S. 273, 18 Sup. Ct. 85, 42 L. Ed. 464; Hardaway v. Southern R. R. Co., 90 S. C. 475, 73 S. E. 1020, Ann. Cas. 1913D, 266; Cyc. vol. 30, 1298.

[3] The general rule as laid down in Cyc. last cited is:

"Except where otherwise provided by statute, a party cannot, by direct action or by way of set-off or counterclaim, recover money voluntarily paid with a full knowledge of all the facts, and without any fraud, duress, or extortion, although no obligation to make such payment existed. This rule is an elementary one, and in applying it the courts have held that it makes no difference that the debt paid was that of a third person."

But it is claimed by appellee that under the law he was not authorized to retain any of the funds he had in hand, but was required to turn over all the funds of the county when his term of office expired. While such is the law, we do not think it applies to sums due him for commissions, for surely if he had retained the commissions due the county could not have complained.

There were no pleadings of appellee to show any mistake, accident, or fraud, which would excuse his conduct and make it other than voluntary on his part in paying over said funds and relieve him from responsibility for so acting: Gilliam v. Alford, 69 Tex. 267, 6 S. W. 757; Galveston County v. Gorham, 49 Tex. 279; Scott v. Slaughter, 35 Tex. Civ. App. 524, 80 S. W. 643; Pitts v. Elsler, 87 Tex. 347, 28 S. W. 518.

The judgment of the court below is reversed, and judgment here rendered for appellant.