## KAUFMAN COUNTY v. GASTON.
### (No. 2716.)

(Court of Civil Appeals of Texas. Texarkana. April 6, 1923. Rehearing Denied April 18, 1923.)

1. **Counties** &#8667;74(3)—**Treasurer's acceptance of salary held not inconsistent with claim for additional compensation.**

Where a county treasurer sued the county for fees due as compensation for two years, *held*, under the general rule that acceptance of a lesser sum does not extinguish the entire debt, where there is no consideration for the relinquishment of the excess, the acceptance of $50 a month under an order of the commissioners' court, providing that the salary of the county treasurer should be $600 per year and no more, was not inconsistent with the treasurer's claim for a larger sum on a commission basis.

2. **Counties** &#8667;74(3)—**Fixing compensation of treasurer at specified sum, without allowing fees or commissions held illegal and void.**

An order of the commissioners' court, fixing the salary of county treasurer at a certain specified sum per annum and no more, and which did not permit fees or commissions, was illegal and void.

3. **Counties** &#8667;74(3)—**Treasurer held not to have waived claim to fees as additional compensation.**

Where a county treasurer accepted $50 a month for two years, under an order of the commissioners' court fixing the salary at $600 a year and no more, but protested against the order and made formal written claim for his fees instead of the fixed sum, as soon as he ascertained that the commissioners' court insisted that he was not entitled to further compensation, and on the refusal of the claim filed suit to enforce payment thereof, and did not pay over to the county any of the funds in his hands pending suit, he did not waive his right to further compensation above the $50 paid each month.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Action by J. M. Gaston against Kaufman County. From a judgment for plaintiff, defendant appeals. Affirmed.

J. M. Gaston was elected county treasurer of Kaufman county in November, 1918, and re-elected in November, 1920. In April, 1921, he filed this suit against Kaufman county,

claiming that there was due and unpaid to him $4,000, less $1,200 paid, as commissions on the funds received and disbursed by him for the two years, respectively, from December 1, 1918, to December 1, 1919, and from December 1, 1919, to December 1, 1920. The county answered the suit by general denial, and specially pleaded estoppel against further remuneration than the $1,200 paid. The case was tried by the court without a jury, and judgment was entered in favor of the appellee.

It appears from the evidence that the commissioners' court of Kaufman county, on February 12, 1918, entered the following order:

"The county treasurers' salary per annum from the date mentioned herein until December 1, 1918, shall be the sum of $1,600. It is further ordered that, on and after December 1, 1918, the county treasurer's salary per annum shall be the sum of and not more than $600."

It appears that the appellee made the required reports to the commissioners' court every three months, showing the funds in his hands and the funds received and disbursed by him as county treasurer; and on each report appeared a payment made to himself of $50 per month. In November, 1920, and before his qualification for a second term in office, the appellee ascertained for the first time that the commissioners' court was insisting that the order of February, 1918, fixed the treasurer's compensation at a salary, and not on a commission basis; and he then appeared before the commissioners' court and protested against the order. The appellee further filed an account before the commissioners in November, 1920, for the amount of his commissions, based on the funds received and disbursed by him, less the cash paid him, at the rate of $50 per month. The commissioners' court passed the account for action at the February term, 1921, and at that term entered an order rejecting it in whole. The appellee then filed this suit.

Appellee testified, and there appears no evidence to the contrary, as follows:

"When I entered upon the duties of my second term I made no settlement with the county; I merely made a new bond and continued to do as I previously had done at the close of a quarter or at the close of the year. I did not turn over to the county any of the funds I had on hand at the expiration of my term of office."

The total commissions allowed by law on the amounts collected and disbursed by the county treasurer in this suit, for the period of the two years preceding the filing of this suit, would not exceed the sum claimed in this suit.

Wynne & Wynne, of Kaufman, for appellant.

Thos. R. Bond, of Terrell, for appellee.

<hr>

&#8667;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

LEVY, J. (after stating the facts as above). [1, 2] The claim of appellee for fees for compensation during his first two years of service as treasurer was, as admittedly shown by the evidence, a legal claim in its entirety, chargeable against the county. Was the taking of the $50 monthly by the appellee wholly inconsistent with his right to the claim in its entirety? The general principle is that the acceptance of a less sum than is actually due cannot legally be a satisfaction and will not operate to extinguish the whole debt upon the ground that there is no consideration for the relinquishment of the excess due beyond the sum paid. There is no pretense in the evidence of any compromise and settlement respecting disputed compensation between the treasurer and the county commissioners' court, so as to furnish a consideration for the taking by the appellee of the $50 monthly. And the order of the commissioners' court is not binding on appellee as fixing the amount to be paid by law, for it was not the purpose of the commissioners' court, by its order of February, 1918, to compensate the treasurer upon the basis of a commission, but to fix "a salary" for him; and the order was therefore illegal and void. Hunt County v. Greer (Tex. Civ. App.) 214 S. W. 605; Wood County v. Leath (Tex. Civ. App.) 204 S. W. 454.

[3] Neither, under the circumstances of the case, can it be properly said, it is believed, that the appellee is legally precluded from availing himself of the nullity of the order of the commissioners' court to have further legal compensation upon the ground of waiver. The appellee protested against the order as soon as and when he first ascertained that the commissioners' court was insisting and claiming that the order so made by them definitely fixed his full compensation as treasurer, and he even made a formal written claim to the commissioners' court for his fees instead of the fixed sum provided by the order. On the refusal of the claim by the commissioners' court, the appellee filed suit to enforce payment of the entire claim. At the time of the claim and the filing of the suit it appears that the appellee had not voluntarily "paid over to the county any of the funds on hand." Ordinarily a protest is evidence of an unwillingness to acquiesce in an illegal demand. The protest and the formal demand for the payment of the commissions allowable by law, in the light of the further fact that the funds in the appellee's hands had not been surrendered over to the county in relinquishment of this office at the time of the claim in suit, would be circumstances sufficient to establish the fact that appellee did not waive the right to further compensation above the $50 paid each month. A determination of the question of waiver by voluntary payment must depend on the particular facts of each case, and if such doctrine is applicable at all in a case of this kind, there is in-

volved in the court's judgment a finding on this question in favor of the appellee.

There is a clear distinguishment between the facts of the instant case and the case of Hunt County v. Greer, supra. In the latter case the county treasurer went out of office at the end of four years and made full settlement with the county and turned over all county funds in his hands. The treasurer there made no protest, as here done, against the previous orders of the commissioners' court, and made no claim before his retirement from office for the balance of his legal commissions. In the facts of that case it was, as the court there determined, inequitable to permit him to recover back money voluntarily paid over to the county, under the circumstances of the case.

The judgment is affirmed.