### KAUFMAN COUNTY v. GASTON.
(No. 1256.)

(Court of Civil Appeals of Texas. Beaumont. June 4, 1925. Rehearing Denied June 17, 1925.)

1. **Appeal and error** ⟜1180(2) — **Orders of commissioners' court, fixing compensation of county treasurer, prior to similar superseding order which was declared void, rendered inoperative thereby.**

Where order of commissioners' court, fixing compensation of county treasurer, was declared by Court of Civil Appeals to be void, necessary effect of such holding was that all similar orders antecedent thereto were inoperative and not binding on county treasurer.

2. **Counties** ⟜74(3) — **Commissioners' court may fix county treasurer's compensation at any rate not exceeding statutory rate, and reduce maximum sum to be paid to less than statutory sum.**

Commissioners' court, in regulating compensation of county treasurer, in the due exercise

of its discretion under articles 3873, 3875, Rev. St., may not only fix percentage of his commissions at any rate not to exceed statutory rate, but may reduce maximum sum to be paid under rate as fixed to less than statutory $2,000.

Appeal from District Court, Kaufman County; Joel R. Bond, Judge.

Action by J. M. Gaston against Kaufman County. From a judgment for plaintiff, defendant appeals. Modified aand affirmed.

See, also, 250 S. W. 741; 273 S. W. 273.

Wynne & Wynne, of Kaufman, for appellant.

Thos. R. Bond, of Terrell, for appellee.

WALKER, J. Appellee, J. M. Gaston, was elected county treasurer of Kaufman county in 1918, and re-elected in 1920, serving from December 1, 1918, to January 1, 1923, thereby serving one month more than four years. While he was serving his first two-year term, the following orders were in the minutes of the commissioners' court of Kaufman county:

"(a) November 23, 1905, it is ordered by the court that the county treasurer be allowed as his compensation for the next year's commission not to exceed $1,800 per annum.

"(b) November 15, 1910, county treasurer's fee of office not to exceed $1,200 per annum.

"(c) February 14, 1912, on this day came on to be considered the petition of J. Rufus Choate, county treasurer, asking that the salary of county treasurer be placed at $1,400 per annum, and the same after being duly considered by the court is granted, and the salary of the county treasurer is fixed at $1,400.

"(d) February 12, 1918, the county treasurer's salary per annum from date mentioned herein, from December 1, 1918, shall be the sum of $1,600. It is further ordered that on and after December 1, 1918, the county treasurers' salary per annum shall be the sum of not more than $600."

At the expiration of the first term of his service, appellee sued his county for a balance claimed by him on his commissions, alleging that the orders under which the court attempted to regulate his compensation were null and void, and in that suit was awarded the maximum sum fixed by article 3873:

"The county treasurer shall receive commissions on the moneys received and paid out by him, said commissions to be fixed by order of the commissioners' court as follows: For receiving all moneys, other than school funds, for the county, not exceeding two and one-half per cent., and not exceeding two and one-half per cent. for paying out the same; provided, however, he shall receive no commissions for receiving money from his predecessor nor for paying over money to his successor in office."

And article 3875:

"The commissions allowed to any county treasurer shall not exceed two thousand dollars annually."

This judgment was affirmed by the Court of Civil Appeals at Texarkana, in a written opinion by Mr. Justice Levy, in which he discussed and held void the order of February 12, 1918. Kaufman County v. Gaston, 250 S. W. 741. Though the orders of November 23, 1905, November 15, 1910, and February 14, 1912, were not discussed by Judge Levy, they were in the record in that case, and relied upon by the appellants as a defense against Gaston's demand for full statutory compensation. It is manifest that the effect of that opinion was to hold the antecedent orders, as well as the order of 1918, inoperative, else they would have constituted a bar to the full relief claimed by Gaston. Also, while no reason was given for holding these orders inoperative, it is manifest that among other grounds the Texarkana court must have been of the opinion that the effect of the order of 1910 was to repeal the order of 1905, and so as to each succeeding order to the order of February 12, 1918, and that the commissioners' court intended that to be the effect of each new order as entered by it upon its minutes. This appears as a manifest fact, because each succeeding order was relied upon by the commissioners' court as a limitation against the county treasurer, claiming the full statutory compensation. Especially was this true as to the effect of the order of February 12, 1918. If the commissioners' court intended each new order to operate as a repeal of the preceding order, and that construction should be given to its act in passing the new order, then, if the new order was void for any reason, there being no operative order of the commissioners' court in effect regulating the compensation of the county treasurer, the statutory basis of compensation would control. And such was the judgment of the court in Kaufman County v. Gaston, supra.

After the contention arose with Gaston as to the basis of compensation, the commissioners' court, on June 14, 1921, passed the following order:

"Tuesday, June 14, 1921, commissioners' court of Kaufman county, Tex., being in session, a full court being present, came on to be heard and considered the matter of compensation of the county treasurer of Kaufman county, Tex., from and after this date, it is ordered that the commissions of such treasurer of Kaufman county, Tex., shall be on a percentage basis of all public funds and moneys received and disbursed for the said county, and that the percentage be one-half of one per cent. and on receipts and sum of $600 for any one year. Therefore be it ordered by the commissioners' court of Kaufman county, Tex., under and in conformity with the Revised Civil Statutes of Texas, that the compensation of the county treasurer of Kaufman county for handling and receiving money and public funds of Kaufman county, be and the same is hereby fixed on a commission of one-half of one per cent. on all moneys and funds received by him, and one-half of one per cent. on all such moneys and funds disbursed by him,

provided, however, that his total compensation for any one year shall not exceed the sum of $600."

On the percentage fixed by this order, it was agreed that the commission would have exceeded $2,000 per year. Before that order went into effect, however, Gaston paid himself his full statutory compensation for the year beginning December 1, 1920, and ending December 1, 1921. Then at the end of his second term, by this suit, he sought to recover, and by the trial court's judgment was awarded, the full statutory compensation for the last year and for the month of December of the year 1922, at the rate of $166⅔ per month. He was awarded no judgment for the year 1921, as he had paid himself in full for that year's services. From this judgment Kaufman county has prosecuted its appeal, contending, first, that Gaston's compensation for the year 1921 should be regulated by the order of November 15, 1910, and, second, that his compensation from December, 1921, to January 1, 1923, should be regulated by the order of June 14, 1921, on issues duly raised by its pleading and evidence.

Opinion.

[1] Appellant admitted an oral argument at our bar that, since appellee paid himself his full $2,000 for the year 1921, before the order of June 14, 1921, went into effect, he should be permitted to retain that sum, unless the order of November 15, 1910, was a bar against his claim. From what we have said supra, in our construction of the opinion of the Texarkana court in Kaufman County v. Gaston, appellant's contention as to the order of November 15, 1910, cannot be sustained. The validity and force of that order, was directly in question in Kaufman County v. Gaston, and the necessary effect of the court's opinion in that case was to hold that all orders antecedent to February 12, 1918, were inoperative and not binding upon the county treasurer. It follows then, on the concession made by Kaufman county at the bar of our court, that the judgment awarding Gaston compensation in the sum of $2,000, for the year beginning December 1, 1920, and ending December 1, 1921, must be affirmed.

[2] But from December 1, 1921, to the expiration of Gaston's term of office on January 1, 1923, the order of June 4, 1921, was in effect, and, since we believe it was a valid order, Gaston cannot recover beyond its terms. On the construction of this order, appellee contends that the commissioners' court was vested by statute, under article 3873, supra, with the power and discretion to fix the percentage of his commissions to be paid from his receipts and expenditures, but that it had no power, under either article 3873 or article 3875, or any other statutory provision, to set a maximum sum to be paid him under the percentages as fixed in the order, and, since it was admitted that his commissions at the rate fixed would amount to more than the statutory maximum of $2,000, the judgment in his favor for that sum should be sustained. He cites Smith v. Wise County (Tex. Civ. App.) 187 S. W. 706, as supporting his construction of articles 3873 and 3875. The dictum of the majority of the court in that case is directly in point, and does fully support his position. But the Texarkana court later, in Wood County v. Leath (Tex. Civ. App.) 204 S. W. 454, on facts directly calling for a decision of this identical point, expressly dissented from the position taken by the majority of the court in Smith v. Wise County, and directly expressed their approval of the dissenting views of Judge Dunklin in that case. Now, since the Supreme Court denied a writ of error in the Leath Case, and in doing so by necessity approved the construction given to articles 3873 and 3875, we must look to the Leath Case as properly construing those articles. Therefore we hold that the order of June 14, 1921, was in all respects a valid, binding, and effective order, regulating appellee's basis of compensation for the balance of his term from December 1, 1921, to January 1, 1923. That is to say, we hold that a commissioners' court, in regulating the compensation of the county treasurer, in the due exercise of its discretion, under articles 3873 and 3875, Revised Statutes, may not only fix the percentage of his commissions at any rate, not to exceed the statutory rate, but may also reduce the maximum sum to be paid under the rate as fixed to a sum less than the statutory $2,000. It follows that the court's judgment allowing appellee compensation at the rate of $2,000 per annum from December 1, 1921, to January 1, 1923, in a total sum of $2,166.66, must be reversed, and we here render judgment in favor of appellee against appellant for the sum of $600, for his compensation from December 1, 1921, to December 1, 1922, and for $50 additional for his compensation for the month of December, 1922. Appellee conceded on oral argument that for the month of December, 1922, his compensation could only be one-twelfth of the yearly compensation, whether that sum was the $2,000, as fixed by statute, or the $600, as fixed by the order of the commissioners' court.

As thus reformed, the judgment of the trial court is affirmed.