**STEPHENS et al. v. MILLS COUNTY.**

**No. 8573.**

Court of Civil Appeals of Texas. Austin.

Feb. 2, 1938.

BLAIR, Justice.

Appellee, Mills County, Tex., sued appellant Mrs. Lois Fuller Stephens, county treasurer of Mills County, joining her husband pro forma, and her official bondsmen as defendants, to recover $286.57, alleged to be the amount retained by Mrs. Stephens as commissions or compensation for her services as county treasurer, in excess of the amount allowed her by two orders of the commissioners court of Mills County, which read as follows:

"On this the 13th day of April, A. D. 1932, came on to be considered the matter of the Ex-officio salary of the following county officers and it is the order of the court that the ex-officio of each office be as follows and to begin with this change January 1st, 1933, and to be paid as heretofore—

"County Judge to be paid on the first day of each month $100.00.

"County Attorney to be paid on the first day of each month, $20.00.

"County Treasurer, 1% — each — for receipts and disbursements not to exceed $780.00 each year.

"District Clerk, and payable at the end of each quarter $75.00 or $300.00 per year.

"Sheriff, Ex-officio, $50.00 payable at the end of each quarter or $200.00 per year.

"County Commissioners not to exceed $900.00 per year.

"The above to begin January 1st, 1933."

"On this the 16th day of February, 1934, came on to be considered the matter of the commission of the County Treasurer and it is the order of this Court that for the year 1934 said treasurer is to draw commissions to the amount of $720.00 and to keep the same set of books as has been kept in the past, to include the Commissioners' Account book, showing all disbursements with balance, etc., of each commissioner in a separate account, to keep said book as kept for the previous years by her. And beginning January 1st, 1935, said Treasurer to receive the amount of $600.00 per year for said work, and include all books and records as above required and as keep (kept) by her at the present time."

By her answer and cross-action, Mrs. Stephens alleged that the two orders were void as an attempt to fix a lump-sum compensation, and sought to recover the maximum annual compensation fixed by article 3941 and article 3943, R.S.1925, as amended, Vernon's Ann.Civ.St. arts. 3941, 3943, at $2,000, or $4,000 for the two years, less

Walter Miller, of Belton, and J. C. Darroch and E. M. Davis, both of Brownwood, for appellants.

Anderson & Gilliam, of Goldthwaite, for appellee.

$1,794.77 fees retained for the two years, leaving an alleged balance due of $2,205.21. She further alleged that in any event the order of February 16, 1934, did not operate retroactively so as to prevent her from collecting the maximum statutory commissions for the period between January 1, 1934, and February 16, 1934, the date of the last order; and she sought to recover $521.26 as such commissions. She further alleged that she was entitled to recover of Mills County the sum of $960, the reasonable value of her services for keeping the accounts of each county commissioner for the two years, which services were alleged to have been rendered at the instance and request of the commissioners court, and in addition to the duties required of her as county treasurer.

A trial to the court without a jury resulted in judgment for Mills County for $278.82 against Mrs. Stephens and her bondsmen, jointly and severally; and that Mrs. Stephens take nothing by her cross-action. This judgment should be affirmed in all things.

■ In seeking to recover the $2,000 annual statutory compensation, Mrs. Stephens construes the two orders of the commissioners court as being void as an attempt to change the statutory plan for compensating a county treasurer from a fee to a lump sum or salary basis, and under the rule that any such attempt is void, entitling the treasurer to the maximum statutory compensation. She so interprets the orders because the first one quoted states that the court is fixing the "ex-officio salary," and because the language used in both orders showed that the commissioners court was attempting to fix a lump-sum or salary basis of compensation. No such construction of the orders is justified under applicable rule stated in 11 Tex.Jur. 600, § 70, as follows: "It is immaterial whether the compensation is denominated as a salary or a commission; the real character of the sums payable governs. The controlling element in determining whether the amount to be received is upon a commission or salary basis is whether that amount, by whatever name it may be called, is absolute and fixed regardless of what the lawful commissions may be, or is made contingent upon earning that amount as commissions."

See Greer v. Hunt County, Tex.Com. App., 249 S.W. 831; Shaw v. Smith County, Tex.Com.App., 29 S.W.2d 1000; Hill County v. Sauls, Tex.Civ.App., 134 S.W.

267, error refused, which support the quoted text.

■ As applied to the county treasurer in the instant case, the first order expressly fixed her compensation at "1% * * * each * * * for receipts and disbursements not to exceed $780.00 each year." If the amount of the commissions at 1 per cent. were less than $780, then Mrs. Stephens could only recover the total amount of commissions earned; and in effect the order merely fixed a maximum which may be earned as commissions.

■ To the same effect is the second order above quoted, which provides that the "treasurer is to draw commissions to the amount of $720.00." This language of the order is clearly within the above-quoted rule, because the $720 compensation "is made contingent upon earning that amount as commissions." The language is, also within the rule announced by the decisions, that the commissioners court may fix the maximum fees to be retained by the county treasurer at a sum less than the statutory maximum, without fixing the rate of the commissions. In such situation the maximum rate of commissions provided by the statutes may be collected until the amount reaches the compensation allowed by the commissioners court's order limiting the amount to be received as compensation. See Wood County v. Leath, Tex.Civ.App., 204 S.W. 454; Kaufman County v. Gaston, Tex.Civ.App., 273 S.W. 894; both cases cited with approval by the Commission of Appeals in Greer v. Hunt County and Shaw v. Smith County, supra.

■ But appellant contends that she is entitled to the statutory 2½ per cent. on receipts and disbursements between January 1, 1934, and February 16, 1934, because the first order was intended to cover the year 1933, and the second order was not made until February 16, 1934, which reduced the compensation $60 per year, and which could not operate retroactively. The first order was not intended to apply to the year 1933 alone, because it provided for commissions not exceeding "$780.00 each year," and such an order under the authorities continued in force until changed by the subsequent order of February 16, 1934. Baxter v. Rusk County, Tex.Civ.App., 11 S.W.2d 648; Kaufman County v. Gaston, supra. In this connection the trial court correctly held that the first order was in effect until the date of the second order of February 16, 1934, and accordingly rendered judgment

allowing Mrs. Stephens compensation under the first order until February 16, 1934, the date of the second order. Trinity County v. Vickery, 65 Tex. 554.

 Appellant also contends that the court erred in not rendering judgment for her for $960, alleged to be due under an implied contract of the commissioners court for keeping the accounts of each county commissioner, in addition to and not as a part of her duties as county treasurer. Appellant testified that these services were of the reasonable value of $40 per month for the two years in question. The trial court correctly refused to allow such claim.

It may be observed that appellant never presented the commissioners court with a claim for either of the aforementioned items until after this suit was filed, and shortly before the trial. A cursory examination of the aforementioned orders of the commissioners court shows that it only intended to allow her commissions not exceeding the amounts stated as compensation for all her services; and the last order quoted specifically so provided. Mrs. Stephens testified that she kept the "additional records" during the year 1933, and that she spoke to the commissioners separately about it; and that when the 1934 order was passed, she insisted that they pay her for this extra work, but that the commissioners refused to allow such extra compensation; and that she told them she would not do the extra work. She continued, however, to perform this work during all of the years 1933 and 1934, and filed no claim with the commissioners court for pay for such services until after this suit was filed in 1935. Under these facts, the trial court correctly found and concluded that by continuing to perform these extra requirements or extra-legal duties with knowledge that she would not be paid therefor, instead of refusing to perform them as she had the legal right to do, Mrs. Stephens waived any right to compensation in addition to that allowed by the orders.

■ The law is settled that an implied contract arises only where in the circumstances disclosed which, according to the ordinary course of dealing and the common understanding of men, show a mutual intent to contract. 10 Tex.Jur. 18, 23. Appellant testified that not only did the commissioners refuse to pay her for the extra work, but that she told them that she would not do it; and that she nevertheless continued to do the work, knowing that the commissioners did not intend to pay for it. The acts and conduct of Mrs. Stephens clearly show that she had no expectation of receiving any additional compensation for the extra work. McDonald v. Wm. Cameron & Co., Inc., Tex.Civ.App., 80 S. W.2d 1065; 71 C.J. 42, § 7. Certainly appellant's extra services were not rendered under circumstances that would infer that it was the intent of the parties that same should be paid for. Dunn v. Price, 87 Tex. 318, 28 S.W. 681; Bonner v. Bradley, 14 Tex.Civ.App. 234, 36 S.W. 1014.

The judgment of the trial court will be affirmed.

Affirmed.