

THE ATTORNEY GENERAL
OF TEXAS
AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2504
Re: Whether a county must make order
accepting benefits of discount
statute annually in order to keep
acceptance effective.

In your letter of June 28, 1940, you request our opinion as
to whether a county is required to pass an order annually allowing the
discount provided for in Article 7057d, Vernon's Civil Statutes, in order
to keep such allowance of discounts effective, or whether an order adopting
the provisions of the statute will remain in force and effect until can-
celled or set aside.

In the statute it is provided that the discount provisions
of the statute "shall not apply ***** until the governing body ***** by
ordinance, resolution or order, shall adopt the provisions hereof."

There is nothing in the statute which indicates an intention
to require a Commissioners' Court to make an acceptance of the provisions
of the statute annually. Rather we think it fairly clear from the language
of the statute that such was not intended.

It has been held in several cases that an order fixing a
county treasurer's commissions under Article 3941, Civil Statutes, remains
in force and effect until set aside or superseded by another order. Stephens
vs. Mills Co., 113 S.W. (2d) 944; Throckmorton Co. vs. Thompson, 115 S.W.
(2d) 1102, Sup. Ct.; Baxter vs. Rusk Co., 11 S.W. (2d) 648.

It may be that an order could be drawn, which would be effec-
tive for only a year by its own express terms but we assume you do not have
in mind such an order. If the order contains nothing indicating an inten-
tion to the contrary, we are of the opinion that it will remain in force
and effect from year to year unless vacated.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

s/ Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:RS:wc

APPROVED JUL 11, 1940
s/ GROVER SELLERS
First Assistant
ATTORNEY GENERAL