Erwin W. SMITH et al., Appellants,

v.

George B. ADAMS et al., Appellees.

No. 3498.

Court of Civil Appeals of Texas.

Eastland.

March 11, 1960.

Rehearing Denied April 8, 1960.

Rufus N. McKnight, Jr., Tulsa, Okl., C. M. Hudspeth, W. J. Knight, Robert L. Woodward, Houston, for appellants.

Liddell, Austin, Dawson & Huggins, Houston, Ira Butler, Fort Worth, Fountain, Cox, Gaines & Fox, Houston, McLeod, Mills, Shirley & Alexander, Galveston, Kenneth Minter, Houston, B. F. Whitworth, Jasper, for appellees.

GRISSOM, Chief Justice.

Erwin W. Smith et al. sued George B. Adams et al. in trespass to try title to an undivided interest in the minerals in a tract of land in the Manuel Tejerino survey in Harris County. Judgment was rendered for the defendants and plaintiffs, including

some cross plaintiffs and intervenors, have appealed. Appellants and appellees deraign their titles from N. T. Masterson. Appellants claim title to approximately ⅝ths of the minerals under said tract through the Boyles' title, which is dependent upon (1) an execution sale in October, 1928, under a judgment in favor of the Sour Lake State Bank against N. T. Masterson, or (2) a deed dated May 30, 1933, from N. T. Masterson to Edward S. Boyles. See Masterson v. Adams, Tex.Civ.App., 197 S.W. 2d 154, Ref. N.R.E. Appellants contend that, as a matter of law, they hold the record title by a regular chain of conveyances which vested prior to the execution sales under which appellees claim and that appellants' title was not divested by such sales, because the judgment liens supporting the execution sales under which appellees claim did not exist, or, if they did, that they expired before such sales were made.

■ Appellants say the court erred in not admitting as muniments of title (1) an execution issued August 8, 1928, on the Sour Lake Bank judgment against N. T. Masterson, which writ was made returnable to the first day of the next term of court, which was August 20, 1928, (2) the sheriff's deed to Cage, dated October 2, 1928, which was executed pursuant to a sale under said writ and (3) deeds from Cage to Boyles.

■ Relative to appellants' claim of title by virtue of the execution sale under the Sour Lake Bank judgment to Cage and the asserted error in excluding such evidence, we call attention to the following facts. The Sour Lake State Bank obtained a judgment against N. T. Masterson on October 19, 1923. A writ of execution was issued within a year. An abstract of judgment was properly recorded and indexed within a year. An abstract of judgment was properly recorded and indexed on January 21, 1924. Executions were timely issued. Another abstract was properly recorded and indexed on August 26,

1925. The execution that is of controlling importance was issued on August 8, 1928. It was made returnable to the first day of the next term of court, which was the 20th day of August, 1928. It was under this execution sale that Cage obtained the sheriff's deed under which appellants claim. Cage transferred whatever title he thus obtained, if any, to Boyles, who executed deeds to appellants' predecessors in title. It is not disputed that this sale was held long after the return date stated in the writ. The sale was, therefore, held after the power of the sheriff to sell thereunder had terminated. We conclude that these instruments were properly excluded. If admitted and considered, they would not show title in appellants. An execution sale made after the return date stated in the writ is void and passes no title to the purchaser. Hester v. Duprey, 46 Tex. 625, 627; Cain v. Woodward, 74 Tex. 549, 12 S.W. 319, 320; Tanner v. Grisham, Tex.Com.App., 295 S.W. 590; Robinson v. Monning Dry Goods Co., Tex.Civ.App., 211 S.W. 535; Reynolds v. Farmers & Merchants Nat. Bank, Tex.Civ.App., 135 S.W.2d 556. See also Lemothe v. Cimbalista, Tex.Civ.App., 236 S.W.2d 681, 682.

Appellants also claim title through a deed from N. T. Masterson to Edward S. Boyles on May 30, 1933. A jury found that this deed was executed with intent to defraud creditors. But, it also found that purchasers from Boyles had no notice thereof. Appellees contend that, as a matter of law, the purchasers from Boyles were not innocent purchasers and, in connection therewith, that Masterson's conveyance to Boyles was a quit claim deed. Regardless of whether Masterson's deed to Boyles was a quit claim deed, or whether, otherwise, appellants might be innocent purchasers, before appellants can establish title through said deed they must destroy appellees' title obtained through execution sales which foreclosed judgment liens fixed against Masterson's land long prior to the execution of Masterson's deed to Boyles. George B. Adams was the purchaser at such ex-

ecution sales foreclosing the Texas Company, Shepherd Laundries Company and the Glass judgment liens against Masterson's land. These execution sales to Adams, under whom appellees claim, were made in 1941, but, if valid, they relate back to the inception of liens created by the proper recording and indexing of said judgments in 1925 and 1928.

■ The Texas Company recovered a judgment against N. T. Masterson on July 28, 1925. Execution was issued in August, 1925, and returned nulla bona. An alias execution was issued on July 22, 1935, and returned nulla bona. A pluries execution was issued October 10, 1940, and the property in controversy was levied upon and sold to Adams and the sheriff executed a deed to him on November 5, 1940. An abstract of this judgment was properly recorded on August 18, 1925. But, it recited the date of the judgment was July 27, 1925, while the judgment shows it was July 28, 1925.

Shepherd Laundries Company recovered a judgment against Masterson on March 9, 1925. Executions were issued on March 20, 1925, April 11, 1934, and April 4, 1941. Execution was levied upon the property in controversy on April 6, 1941, and a sale was made to Adams on May 6, 1941. An abstract of this judgment was properly recorded on September 9, 1925. A subsequent abstract was properly recorded on April 16, 1934.

J. H. Glass, independent executor of the estate of George L. Glass, recovered a judgment in the County Court at Law number 2 of Harris County on May 14, 1928. Executions were issued on June 16, 1928, and April 14, 1938, and returned nulla bona. The property in controversy was levied on under an execution issued on December 7, 1940, under which said property was sold and conveyed to Adams on January 7, 1941. An abstract of this judgment was properly recorded on November 15, 1928.

Appellants did not object to the introduction of the abstract showing the Texas Company judgment lien because of the recital of the date of the judgment as July 27, instead of July 28, and complaint thereof was not presented to the trial court in their motion for a new trial. Complaint of the admission thereof was therefore waived. Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407, 409. But, regardless of waiver, such minor discrepancy of one day in the date did not affect the validity of said lien. Houston Oil Company of Texas v. Randolph, Tex.Com.App., 251 S.W. 794, 28 A.L.R. 926; Burnam v. Blocker, Tex.Civ. App., 247 S.W.2d 432, 434 (Writ Ref.); Barnes v. Nix, Tex.Civ.App., 56 S.W. 202, 204; Guaranty State Bank v. Marion County Nat. Bank, Tex.Civ.App., 293 S.W. 248; First State Bank of Mobeetie v. Goodner, Tex.Civ.App., 168 S.W.2d 941.

■ Appellants contend the judgment liens supporting appellees' title expired before the execution sales. They point out that the abstract of the Texas Company judgment was recorded on August 18, 1925, but that execution sale thereunder was not made until November 5, 1940, more than 15 years after the abstract was recorded; that the first abstract of the Shepherd Laundries Company's judgment was recorded August 18, 1925, and that execution sale thereunder was not held until May, 1941, more than 15 years after said abstract of judgment was recorded. The second abstract of judgment on the Shepherd Laundries Company's judgment was not recorded until April 16, 1934, after execution of the deed from Masterson to Boyles, on May 30, 1933, and the deeds from Boyles to appellants Smith, Gillette Hill and Darby Petroleum in June, 1933. Appellants also point out that the abstract of the Glass judgment was recorded on November 15, 1928, but that execution sale thereunder was not held until January 7, 1941, more than 12 years thereafter. Appellants say that said judgment liens had expired when execution sales were made

and, therefore, the sheriff's deeds to Adams, through whom appellees claim, conveyed nothing. Appellants say that Article 5449, which authorized the creation of said judgment liens, limited their duration to 10 years and, since said abstracts were more than 10 years old at the time of the execution sales, the liens were not then in existence, not having been extended by amendments of the judgment lien statutes in 1935 and 1937. When said abstracts of judgments were recorded, executions have been timely issued, the judgments did not become dormant and said liens continued for 10 years under the then existing statutes. Said amendments extended then existing judgment liens for the life of said judgments. The amendment provided it should not be retroactive as to liens then dormant. Article 5449. Appellants argue that the legislature did not, and could not, extend the duration of said liens. We think the law is to the contrary. If said judgment liens existed when the amendments became effective, and we hold they did, the legislature had authority to extend, and did extend, the duration of said liens. 49 C.J.S. Judgments §§ 454, 456, pp. 884, 887; 26 Tex.Jur. 357; Moore v. Letchford, 35 Tex. 185, 213. Said liens existed at the effective date of the amendment, unless they were lost, or never existed by reason of the matters hereinafter mentioned.

■ Appellants say the lien claimed by virtue of the recording of an abstract of the Texas Company judgment was not valid for two reasons: (1) the abstract did not state the date of the judgment, as required by Article 5447, and (2) no valid execution was issued within one year from the date of rendition of the judgment, as required by Article 5449. The judgment was rendered July 28, 1925, but the abstract states the date of the judgment was July 27, 1925. Appellants say that, therefore, the abstract of judgment does not state the date the judgment was rendered. Appellants argue that to say this was merely a clerical error is no answer to the failure of the abstract to show the date of rendition of the judgment and that giving a wrong date is a failure to comply with said requirements and, therefore, no lien was fixed on Masterson's land. Appellants further say that the only execution issued under the Texas Company judgment within one year was issued August 7, 1925, and that it recites it was issued under a judgment rendered on the 27th of July, 1925, and that this writ does not describe the judgment and, therefore, was void. Appellants conclude that the Texas Company judgment lien expired one year from rendition of the judgment, long before the amendment of Article 5449, extending the duration of the lien, and that it was not a valid lien at the time of the sale to Adams, in November, 1940. Appellants urge that none of the judgment liens under which Adams purchased at execution sales were valid, hence, appellees acquired no title through Adams.

No sale was had under the first writ of execution on the Texas Company judgment of which appellants complain. No objection relative to the one day discrepancy was made when the instruments relating to the Texas Company judgment were introduced. No assignment relative thereto was in appellants' motion for a new trial. Ordinarily, this would constitute a waiver of such complaint. Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407, 409; City of Fort Worth v. Hill, Tex.Civ.App., 306 S.W.2d 817, (Ref. N.R.E.); O'Connor v. Gable, Tex.Civ.App., 298 S.W.2d 209 (Ref. N.R.E.); Miller v. Miller, Tex.Civ.App., 274 S.W.2d 762, (Writ Ref.). However, we think, the mistake of one day in the date did not destroy the lien. In Houston Oil Company of Texas v. Randolph, 251 S.W. 794, 797, the Commission, with approval of our Supreme Court said:

"Generally speaking it may be said with reference to what have been termed judicial process of a court that such are not absolutely void, unless issued without power in the court to award same, or when the court has not acquired jurisdiction to issue in

the particular case; and where there exists a valid judgment, a writ of execution, though defective and irregular in failing to comply with some of the statutory requirements with reference to the form of the writ, is only voidable, and a sale thereunder cannot be attacked in a collateral proceeding."

In Guaranty State Bank v. Marion County National Bank, Tex.Civ.App., 293 S.W. 248, it was held that the fact that an abstract of judgment showed the date of the judgment as three days prior to the date shown in the judgment did not prevent the recording of the abstract from creating a lien. See also Barnes v. Nix, Tex.Civ. App., 56 S.W. 202, 204; Burnam v. Blocker, Tex.Civ.App., 247 S.W.2d 432, 434 (Writ Ref.); Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66, 73; Bryan v. Bryan, Tex. Civ.App., 262 S.W.2d 736 (Ref. N.R.E.); and Fitch v. Boyer, 51 Tex. 336. We think there was a substantial compliance with the statutory requirements; that there was a valid judgment lien against Masterson's land and that said lien continued and existed when Masterson's land was sold to Adams to satisfy the Texas Company judgment.

Without detailed discussion of appellants' contentions that the execution sales under the Shepherd Laundries Company and Glass judgments conveyed no title to Adams, they are overruled. We think each of said sales was valid and the sheriff's deeds conveyed Masterson's interest, if any, in the land in controversy to Adams for the reasons, and based on the authorities urged by appellees. However, if any one of said sales was valid the result is the same. The foreclosure of judgment liens fixed in 1925 and 1928 related back to said dates and rendered Masterson's attempt to convey to Boyles in 1933 ineffectual.

Reversible error is not shown. All of appellants' points are overruled. The judgment is affirmed.