OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 11, 2001

The Honorable Michael A. Stafford
Harris County Attorney
1019 Congress, 15th Floor
Houston, Texas 77002-1700

Opinion No. JC-0377

Re: Whether a taxing unit may, by a "blanket" resolution, authorize that tax-foreclosure-sale property be resold as directed by the taxing unit's private tax-collection attorneys (RQ-0322-JC)

Dear Mr. Stafford:

Your predecessor has asked this office whether a taxing unit may, by a "blanket" or omnibus resolution, authorize that tax-foreclosure-sale property be resold as directed by the taxing unit's private tax-collection attorneys.[1] We conclude that a taxing unit is not authorized to adopt such a resolution.

We understand that Harris County, the City of Houston, and the Houston Independent School District have entered into an interlocal agreement regarding the sale, management, and resale of seized or foreclosed property. Under the agreement, property for which a sufficient bid is not received at the original tax sale is bid off to Harris County. The county takes title to the property for the use and benefit of itself, the city, and the school district. Approximately 100 such properties are subject to resale each month. *See* Request Letter, note 1, at 1. Under section 34.05(a) of the Tax Code, a taxing unit would normally direct, by a resolution, a sheriff or constable to sell a specific property. *See* TEX. TAX CODE ANN. § 34.05(c) (Vernon Supp. 2001). Instead of making requests by separate "property-specific" resolutions for the resale of properties as they are acquired, the Harris County Commissioners Court proposes to adopt a resolution that "requests, directs, and authorizes the Constables of Harris County to re-sell at public sale any and all property struck-off to Harris County, as requested by Linebarger Heard Goggan Blair Graham Pena & Sampson, LLP." *See* Resolution note 1, at 2. The resolution is intended to: (1) provide that all resales be conducted publicly under subsections (c) and (d) of section 34.05 of the Tax Code; (2) encompass all tax-foreclosed property now held or hereafter acquired; and (3) authorize the resale of a specific property as and when a particular constable receives a request from the county's tax-collection attorneys. *See* Request Letter, note 1, at 1-2; Memorandum, note 1, at 1.

---

[1]*See* Letter from Michael P. Fleming, Harris County Attorney, to Honorable John Cornyn, Texas Attorney General (Dec. 1, 2000) (on file with Opinion Committee) [hereinafter Request Letter]; *see also* attachments to Request Letter (Memorandum; Resolution Authorizing Re-Sale of Struck-Off Properties [hereinafter Resolution]).

It has been suggested that the county may not adopt such a resolution because section 34.05(c) requires "property-specific" resolutions either by its terms or because the section 34.05(c) resolution is in the nature of a writ of execution "with the attendant deadlines for execution set out under" the Texas Rules of Civil Procedure. *See* Memorandum, *supra* note 1, at 1. We conclude that the county may not adopt the blanket resolution described, but for a different reason. In our opinion, section 34.05(c) does not require property-specific resolutions. We believe, however, that section 34.05(c) requires a taxing unit to direct the resale of specific properties. Thus, in the absence of legislative authority providing otherwise, a taxing unit may not delegate this authority to its private tax-collection attorneys.

To provide a legal context for your predecessor's question, we review the Tax Code provisions regarding foreclosure and sale of property subject to a tax lien. A taxing unit may file suit to foreclose the lien securing payment of a delinquent tax in a court of competent jurisdiction for the county in which the tax is imposed. *See* TEX. TAX CODE ANN. § 33.41 (Vernon Supp. 2001). If a judgment in the suit is for foreclosure of the tax lien, the court must order sale of the property in satisfaction of the judgment. *See id.* § 33.53(a). On the application of a taxing unit that is party to the judgment, the district clerk must prepare an order directing the sheriff or any constable in the county to sell the property. *See id.* § 33.53(b); TEX. R. CIV. P. 622, 629. Such an "order of sale, as a writ of execution, is a process of the court from which it is issued." *Clint Indep. Sch. Dist. v. Cash Inv., Inc.*, 970 S.W.2d 535, 538 (Tex. 1998) (citing TEX. R. CIV. P. 622). "The foreclosure judgment and the order of sale establish the [peace officer's] authority to sell, the manner of sale, and the terms of the sale." *Id.*; *see also id.* at 537 (valid judgment, execution, and sale are required to pass title to property at an execution sale).

Section 34.01 of the Tax Code deals with the initial sale of property ordered sold under the court's judgment and order of sale. *See* TEX. TAX CODE ANN. § 34.01 (Vernon Supp. 2001) ("Sale of Property"). Such property "shall be sold by the officer charged with selling the property, unless otherwise directed by the taxing unit that requested the order of sale or by an authorized agent or attorney for that unit." *Id.* § 34.01(a). The sale must "be conducted in the manner similar property is sold under execution except as otherwise provided by" subtitle E of the Tax Code. *See id.* § 34.01(a); TEX. R. CIV. P. 621-656 ("Executions"). When a sufficient bid at the foreclosure sale is not received, the property is "bid off, " *i.e.*, sold, to the taxing unit that requested the order of sale. *See* TEX. TAX CODE ANN. § 34.01(a)(j) (Vernon Supp. 2001). The taxing unit to which the property is bid off takes title to the property in trust for itself and all the other taxing units that have established tax liens in the tax suit. *See id.* § 34.01(k).

Section 34.05 deals with the resale by a taxing unit of property to which it has taken title at an initial foreclosure sale. *See id.* § 34.05 ("Resale by Taxing Unit"). The "taxing unit may sell the property at any time by public or private sale." *Id.* § 34.05(a). Subsections (c) and (d) provide for the sale of the property at a public sale:

> (c) *The taxing unit purchasing the property by resolution of
> its governing body may request the sheriff or a constable to sell the*

*property at a public sale.* If the purchasing taxing unit has not sold the property within six months after the date on which the owner's right of redemption terminates, any taxing unit that is entitled to receive proceeds of the sale by resolution of its governing body may request the sheriff or a constable in writing to sell the property at a public sale. On receipt of a request made under this subsection, the sheriff or constable shall sell the property as provided by Subsection (d), unless the property is sold under Subsection (h) [private sale] or (i) [sale of property at a lesser amount] before the date set for the public sale.

(d) Except as provided by this subsection, *all public sales requested as provided by Subsection (c) shall be conducted in the manner prescribed by the Texas Rules of Civil Procedure for the sale of property under execution.* The notice of the sale must contain a description of the property to be sold, which must be a legal description in the case of real property, the number and style of the suit under which the property was sold at the tax foreclosure sale, and the date of the tax foreclosure sale. If the commissioners court of a county by order specifies the date or time at which or location in the county where a public sale requested under Subsection (c) shall be conducted, the sale shall be conducted on the date and at the time and location specified in the order.

*Id.* § 34.05(c), (d) (emphasis added).

The question before us relates to the section 34.05(c) resolution required of the taxing unit to request the resale of property at a public sale under section 34.05(d). Your predecessor asked:

Whether a taxing unit . . . under [section] 34.05(c) may, by a 'blanket' or omnibus resolution, direct that any and all such property be resold in the manner provided by [section] 34.05(d) and at such times and with respect to such property as might be periodically requested by the taxing unit's law firm.

Request Letter, *supra* note 1, at 1. Again, the concern is that section 34.05(c) requires "property-specific" resolutions either by its terms or because the section 34.05(c) resolution is in the nature of a writ of execution subject to the execution provisions of the Texas Rules of Civil Procedure. *See id.* at 2; Memorandum, *supra* note 1, at 1-2.

Subsection (c) does not expressly require a governing body to adopt a separate resolution to request the resale of each property that the taxing unit acquires. And we decline to imply such a cumbersome requirement in the absence of any indication in the statute of that intent. *See* TEX.

GOV'T CODE ANN. § 311.021(4) (Vernon 1998) (Code Construction Act) ("In enacting a statute, it is presumed that . . . a result feasible of execution is intended . . . ."). We do not believe that the use of the singular "property" in the statute is significant in this regard. *See id.* § 311.012(b) ("The singular includes the plural and the plural includes the singular.").

Nor do we believe that such a requirement must be implied because the section 34.05(c) resolution is the equivalent of a "writ of execution" subject to the execution provisions of the Texas Rules of Civil Procedure. Rule 621 of the Texas Rules of Civil Procedure provides that "[t]he judgments of the district, county, and justice courts shall be enforced by execution or other appropriate process[,]" that must be "returnable in thirty, sixty, or ninety days as requested by the plaintiff, his agent or attorney." TEX. R. CIV. P. 621; *see also id.* 629 (execution must be executed by clerk or justice, must bear seal of court if issued by district or county court, must describe judgment, and require officer to return within 30, 60, 90 days as directed by plaintiff). The significance of this provision (as it relates to the resale resolution) is that authority of a sheriff or constable to sell property under a writ of execution ceases on its return date. *See Long v. Castaneda*, 475 S.W.2d 578, 583 (Tex. Civ. App.–Corpus Christi 1971, writ ref'd n.r.e). Thus, an execution sale made after the return date stated in the writ of execution is void and does not pass title of the property to its purchaser. *See Smith v. Adams*, 333 S.W.2d 892, 893 (Tex. Civ. App.–Eastland 1960, writ ref'd n.r.e.).

We do not believe the execution provisions of the Texas Rules of Civil Procedure apply to the section 34.05(c) resale resolution. An "execution" or "writ of execution" is "[a] court order directing a sheriff or other officer to enforce a judgment, [usually] by seizing and selling the judgment debtor's property." BLACK'S LAW DICTIONARY 589-90 ( 7th ed. 1999). Thus the Texas Rules of Civil Procedure state that "[a]n execution is a process of the court from which it is issued." TEX. R. CIV. P. 622. The section 34.05(c) resolution follows the sale of property pursuant to a previously issued "order of sale," *i.e.*, a writ of execution, under section 33.53(b) of the Tax Code. *See* TEX. TAX CODE ANN. §§ 33.53(b) (Vernon Supp. 2001) (on application of taxing unit party to judgment, district clerk must prepare order directing officer to sell property); 34.01(a), (j) (if sufficient bid not received, property "bid off" to taxing unit that requested order of sale). Unlike an "order of sale," issued by the district clerk under section 33.53(b) of the Tax Code, the section 34.05(c) resale resolution is not a "process" of a district, county, or justice court to enforce its judgment. Instead, it is a directive by the taxing unit that already owns the foreclosed property to resell it at a public sale to collect the taxes due and return the property to the tax rolls. *See id.* § 34.05. While section 34.05(d) requires that the public resale be *conducted* in the manner provided by the Texas Rules of Civil Procedures for execution sales, nothing in this section or another provision of section 34.05 indicates that the *resolution* of the taxing unit requesting the resale must conform to the requirements applicable to a writ of execution issued by a court in the exercise of its judicial functions. *See id.* § 34.05(d).

In short, while it may be advisable to adopt a separate resolution to request the resale of each property that a taxing unit acquires as a result of a "bid off" at a tax-foreclosure sale, we do not believe that a taxing unit is required to do so under section 34.05(c) of the Tax Code. We also agree

with your predecessor that a validly adopted resolution or order of a governmental unit remains in effect until set aside or superseded by another order. *See Stephens v. Mills Co.*, 113 S.W.2d 944, 946 (Tex. Civ. App.–Austin 1938, no writ); Tex. Att'y Gen. Op. No. O-2504 (1940). Thus, section 34.05(c) does not prohibit a taxing unit from adopting a standing resolution directing the sheriff or a constable to resell at a public sale foreclosed property the taxing unit acquires. However, the more significant issue raised with respect to the resolution at issue is the authority of a taxing unit to delegate its authority to direct the resale of specific property to its private tax-collection attorneys by providing that they instruct the sheriff or a constable as to when specific properties are sold.

Section 34.05(c) expressly requires the "taxing unit purchasing the property" to "request the sheriff or a constable to sell the property at a public sale." TEX. TAX CODE ANN. § 34.05(c) (Vernon Supp. 2001). This provision, by its terms, contemplates that the taxing unit will direct the sheriff or a constable regarding the sale of property. *See id.* Unless expressly authorized by the legislature, a governmental entity may not delegate its legislatively entrusted authority to another entity. *See Clear Lake City Water Auth. v. Clear Lake Util. Co.*, 549 S.W.2d 385, 391 (Tex. 1977) (conservation and reclamation district could not enter contract with utility company as to restrict free exercise of its statutory governmental powers or to abdicate its governmental functions even for a "reasonable time") (and cases cited therein). Neither section 34.05(c) or any other statutory provision that we have found authorizes the taxing unit to delegate its property-resale-request authority. Section 6.30 of the Tax Code, which authorizes a taxing unit to contract with attorneys to enforce the collection of delinquent taxes, does not on its face vest tax-collection attorneys with the authority to act as taxing units' agents for the purpose of a section 34.05(c) resale. *See* TEX. TAX CODE ANN. § 6.30 (Vernon 1992). Moreover, when the legislature has intended to authorize a taxing unit's attorneys or other persons to act as agents for the taxing unit in the sale of foreclosed property, it has so expressly provided. Section 34.01(a), dealing with the initial sale of foreclosed property, for example, provides that the property "shall be sold by the officer charged with selling the property, unless otherwise directed by the taxing unit that requested the order of sale *or by an authorized agent or attorney for that unit.*" *Id.* § 34.01(a) (Vernon Supp. 2001) (emphasis added). Section 34.05(c) contains no such provision and it would be inappropriate for this office to insert it into the statute. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981) ("[E]very word excluded from a statute must also be presumed to have been excluded for a purpose. Only when it is necessary to give effect to the clear legislative intent can we insert additional words or requirements into a statutory provision."); *see also Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995) (stating that language excluded from a statute "must . . . be presumed to have been excluded for a purpose"). In the absence of legislative authority providing otherwise, a taxing unit may not delegate its authority to direct the resale of specific property at a public sale by authorizing its private tax-collection attorneys to direct the sheriff or a constable as to when specific properties are sold. Accordingly, we conclude that a taxing unit may not adopt the "blanket" resolution.

## S U M M A R Y

A taxing unit may not by a "blanket" resolution authorize that tax-foreclosure-sale property be resold as directed by its private tax-collection attorneys. In the absence of legislative authority providing otherwise, a taxing unit may not delegate its authority to direct the resale of specific property at a public sale by authorizing its private tax-collection attorneys to direct the sheriff or a constable as to when specific properties are sold.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

SUSAN D. GUSKY
Chair, Opinion Committee

Sheela Rai
Assistant Attorney General - Opinion Committee